UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS J. NESTOR,

    Plaintiffs,

v.                                                Case No: 8:20-cv-265-T-36TGW

VPC3 II, LLP, *et al.*,

    Defendants.
_____/

# **ORDER**

This cause is before the Court *sua sponte*. Plaintiff, Thomas J. Nestor, brings this action against Defendants, VPC3 II, LLP; N.E. Apartment Associates, Inc.; and the Honorable Jack Day, alleging civil rights violations. In a five-count Amended Complaint, Plaintiff asserts claims for "due process right to a hearing" (Count I); "14th Amendment right to an impartial trial" (Count II); "unjust enrichment" (Count III); "Fifth Amendment due process violation" (Count IV); and "violations of the Americans with Disabilities Act" (Count V – labeled Count VI). Doc. 6.

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (citation omitted). The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). Relevant here, a complaint that contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" constitutes a shotgun pleading. *Id.* at 1321. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the

defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* When faced with a shotgun pleading, a court should strike the complaint and instruct plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Eleventh Circuit repeatedly condemns the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windows, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of establishing a claim for relief.

The Complaint here constitutes a shotgun pleading. Counts II, III, and IV of the Amended Complaint incorporate all preceding paragraphs, including prior counts, resulting in Count IV constituting a culmination of four counts. Additionally, Count V (mislabeled Count VI) is a culmination of the entire Amended Complaint except for Count IV (paragraphs 173–176). This form of pleading is exactly the type repeatedly condemned by the Eleventh Circuit. Therefore, the Court will dismiss the Amended Complaint and grant Plaintiff leave to file a second amended complaint which conforms with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. In filing a second amended complaint, Plaintiff shall ensure that he avoids shotgun pleading pitfalls and complies with applicable pleading requirements.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Amended Complaint (Doc. 6) is **DISMISSED without prejudice** as a shotgun pleading.

2. Plaintiff is granted leave to file a second amended complaint within **FOURTEEN (14) DAYS** from the date of this Order, which must correct the deficiencies discussed herein.

3. Failure to file a second amended complaint within the time provided will result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Tampa, Florida on August 31, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any