**ATTACHMENT 24**

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

Thomas J. Nestor,

    Plaintiff/Counter Respondent,    CASE NUMBER 14-002358-CI

vs.

VPC3 II, LLP,

    Defendant/Counter Petitioner.

_____/



**AGREED ORDER ON THOMAS J. NESTOR'S MOTION
FOR ISSUANCE OF FINAL ORDER AND VPC3 II, LLP'S
MOTION FOR AMENDED FINAL ORDER *NUNC PRO TUNC* TO SEPTEMBER 19, 2014**

This case is before the Court on the Thomas J. Nestor's *Motion for Issuance of Final Order* ("Nestor Motion") and VPC3 II, LLP's *Motion for Amended Final Order Nunc Pro Tunc to September 19, 2014* ("VPC Motion") (collectively the Nestor Motion and the VPC Motion shall be referred to as the "Motions"). Upon consideration of the Motions and the agreement of Thomas J. Nestor ("Nestor") and VPC3 II, LLP ("VPC"), the Court finds it appropriate to grant the Motions as set forth herein. Accordingly, it is

**ORDERED:**

1. The Motions are GRANTED as set forth herein.

2. VPC has moved this court to enter an order solely in order to avoid having the appellate court dismiss the appeal. VPC has represented in its motion, its willingness to forgo having this Court enter an Order directing Nestor to pay the $72,000.00 to VPC, however, VPC has represented that it is willing to make this concession solely on the condition that by foregoing its right to collect the $72,000.00, it does not in any manner affect the merits of this Court's September 19, 2014 Order and on the condition that the

waiver of such is not construed to be a waiver of the $72,000.00 that was not paid at the attempted closing by Boy Scout Holdings, LLC prior to 5:00 p.m. EDT July 15, 2014, as a part of the purchase price. Moreover, VPC has represented that it is willing to make this concession on the condition that if in the event that Nestor is successful on appeal and if in the event this court holds a trial on remand and Nestor is deemed the purchaser, Nestor shall remain obligated to pay the $72,000 and VPC does not waive the right to be paid as a condition of closing. This is not to be construed as a waiver of any legitimate claims or defenses that Nestor, VPC or N.E. Apartments Associates, Inc. may have on this issue in event this matter is remanded.

3. Accordingly, this court grants the VPC Motion without waiver of its claim that the failure by Nestor to pay the $72,000.00 Additional Deposits constituted a default under the Settlement Agreement and Order Approving Settlement Agreement. VPC's waiver is limited solely to surrender its entitlement to proceed against Nestor (only) for payment of the Additional Deposits ($72,000.00) as damages for his breach of the Nestor Contract, but has not waived its claim that the failure by Nestor to pay the $72,000.00 Additional Deposits constituted a default under the Settlement Agreement and Order Approving Settlement Agreement. This ruling does not in any manner affect the merits of this Court's September 19, 2014 Order.

4. Accordingly, the Order Granting VPC's Emergency Motion to Enforce Settlement Agreement and for Attorneys' Fees and Costs and Intervenor N.E. Apartments Associates, Inc.'s Emergency Motion to Enforce Settlement Agreement and for Attorneys' Fees and Costs ("September 19, 2014 Order") is amended *nunc pro tunc* to

2

September 19, 2014 to delete Paragraph 5,[1] the reference to this Court's reservation of jurisdiction to consider VPC's claim for payment of the $72,000 Additional Deposits, against Nestor. The deletion of Paragraph 5 of the September 19, 2014 Order is for the limited and sole purpose of facilitating the immediate vesting of appellate jurisdiction in the Second District Court of Appeals and does not affect the merits of this Court's prior ruling.

5. As a result, the September 19, 2014 Order, as amended, is a final for all purposes, except the reservation of jurisdiction for VPC and N.E. Apartments, Inc. to seek the entry of an award of attorney's fees and costs.

**DONE** and **ORDERED** at St. Petersburg, Florida in Chambers on

_June 10, 2015_.

_____
Honorable Jack Day
Circuit Court Judge

Copies Furnished to:

Russell L. Cheatham III, Esq., The Law Offices of Russell Cheatham III, 5546 1st Avenue North, St. Petersburg, Florida 33710

Alice Huneycutt, Esq., Stearns, Weaver, 401 East Jackson Street, Suite 2200, Tampa, FL 33602

Camille J. Iurillo, Esq., Iurillo Law Group, P.A., 5628 Central Avenue, St. Petersburg, FL 33707

Luke Lirot, Esq., 2240 Belleair Road, Suite 190, Clearwater, FL 33764

Ama N Appiah, Esq., 721 1st Ave. N., Suite 101, St. Petersburg, FL 33701

---

[1] The September 19, 2014 Order at paragraph 5 "reserved jurisdiction to determine Nestor's obligation to pay the Additional Deposits to VPC by VPC filing a motion with the court requesting such relief."

3