# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Sam M. Gibbons U.S. Courthouse
Office of the Clerk
801 North Florida Avenue
Tampa, FL 33602
(813) 301-5400
www.flmd.uscourts.gov

Elizabeth M. Warren                                                  Kristin Esposito
Clerk of Court                                                       Tampa Division Manager

**DATE:** January 31, 2023

**TO:**    Clerk, U.S. Court of Appeals for the Eleventh Circuit

THOMAS J. NESTOR,

      Plaintiff,

v.                                                   Case No: 8:20-cv-265-CEH-TGW

JACK DAY,

      Defendant.

_____

## U.S.C.A. Case No.:          **UNKNOWN**

Enclosed are documents and information relating to an appeal in the above-referenced action.  Please
acknowledge receipt on the enclosed copy of this letter.

- Honorable Thomas G. Wilson, United States Magistrate Judge appealed from.

- Appeal filing fee was not paid. Upon filing a notice of appeal, the appellant must pay the district clerk
  all required fees. The district clerk receives the appellate docket fee on behalf of the court of appeals.  If
  you are filing informa pauperis, a request for leave to appeal in forma pauperis needs to be filed with the
  district court.

- Certified copy of Notice of Appeal, docket entries, judgment and/or Order appealed from.  Opinion was
  not entered orally.

- No hearing from which a transcript could be made.

ELIZABETH M. WARREN, CLERK

By:     s/MB, Deputy Clerk

APPEAL, CLOSED

# U.S. District Court
## Middle District of Florida (Tampa)
## CIVIL DOCKET FOR CASE #: <u>8:20–cv–00265–CEH–TGW</u>

Nestor v. VPC3 II, LLP et al

Assigned to: Judge Charlene Edwards Honeywell

Referred to: Magistrate Judge Thomas G. Wilson

Cause: 42:1983 Civil Rights Act

Date Filed: 02/03/2020

Date Terminated: 08/16/2021

Jury Demand: Plaintiff

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: Federal Question

**Plaintiff**

| | | |
|---|---|---|
| **Thomas J. Nestor** | represented by | **Ralph Strzalkowski** |
| | | FLORIDA RIGHTS LAW FIRM |
| | | 320 SE 3RD ST., A17 |
| | | GAINESVILLE, FL 32601 |
| | | 352–262–9593 |
| | | Email: <u>rs@lawyeronwheels.org</u> |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Amber Christal Robinson** |
| | | Robinson Law Office, PLLC |
| | | 695 Central Ave Ste 1501 |
| | | St. Petersburg, FL 33701–3669 |
| | | 813–613–2400 |
| | | Fax: 727–362–1979 |
| | | Email: <u>arobinson@arobinsonlawfirm.com</u> |
| | | *ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **VPC3 II, LLP** | represented by | **Alice Ruth Huneycutt** |
| *a Florida Limited Liability* | | Stearns, Weaver, Miller, Weissler, Alhadeff |
| *TERMINATED: 04/07/2021* | | & Sitterson, PA |
| | | 401 E Jackson St – Ste 2200 |
| | | PO Box 3299 |
| | | Tampa, FL 33601–3299 |
| | | 813/222–5031 |
| | | Fax: 813/222–5089 |
| | | Email: <u>ahuneycutt@stearnsweaver.com</u> |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **N.E. Apartments Associates, Inc.** | represented by | **Alice Ruth Huneycutt** |
| *a Florida Corporation* | | (See above for address) |
| *TERMINATED: 04/07/2021* | | *LEAD ATTORNEY* |

1

**Defendant**

| | |
|---|---|
| **Judge Jack Day**<br>*In his official capacity for declatory judgment only* | represented by **Eugenia Alexandra Izmaylova**<br>Florida Attorney General's Office<br>Civil Litigation – Tampa Bureau<br>Concourse Center IV<br>3507 E. Frontage Road, Suite 150<br>Tampa, FL 33607<br>813–233–2880<br>Fax: 813–233–2886<br>Email: Eugenia.Izmaylova@myfloridalegal.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/03/2020 | 1 | | COMPLAINT against N.E. Apartments Associates, Inc., VPC3 II, LLP with Jury Demand (Filing fee $ 400 receipt number 113A–16431815) filed by Thomas J. Nestor. (Attachments: # 1 Proposed Summons, # 2 Proposed Summons, # 3 Civil Cover Sheet)(Robinson, Amber) (Entered: 02/03/2020) |
| 02/04/2020 | 2 | | NEW CASE ASSIGNED to Judge Charlene Edwards Honeywell and Magistrate Judge Thomas G. Wilson. New case number: 8:20–cv–265–T–36TGW. (SJB) (Entered: 02/04/2020) |
| 02/04/2020 | 3 | | **RELATED CASE ORDER AND NOTICE of designation under Local Rule 3.05 – track 2. Notice of pendency of other actions due by 2/18/2020. Signed by Judge Charlene Edwards Honeywell on 2/4/2020. (BGS)** (Entered: 02/04/2020) |
| 02/04/2020 | 4 | | **INTERESTED PERSONS ORDER. Certificate of interested persons and corporate disclosure statement due by 2/18/2020. Signed by Judge Charlene Edwards Honeywell on 2/4/2020. (BGS)** (Entered: 02/04/2020) |
| 02/04/2020 | 5 | | SUMMONS issued as to N.E. Apartments Associates, Inc., VPC3 II, LLP. (TDC) Modified on 2/4/2020 (TDC). (Entered: 02/04/2020) |
| 06/02/2020 | 6 | | AMENDED COMPLAINT against N.E. Apartments Associates, Inc., VPC3 II, LLP, Jack Day with Jury Demand. filed by Thomas J. Nestor.(Robinson, Amber) (Entered: 06/02/2020) |
| 07/15/2020 | 7 | | PROPOSED summons to be issued by Thomas J. Nestor. (Robinson, Amber) (Entered: 07/15/2020) |
| 07/15/2020 | 8 | | PROPOSED summons to be issued by Thomas J. Nestor. (Robinson, Amber) (Entered: 07/15/2020) |
| 07/15/2020 | 9 | | PROPOSED summons to be issued by Thomas J. Nestor. (Robinson, Amber) (Entered: 07/15/2020) |
| 07/16/2020 | 10 | | SUMMONS issued as to Jack Day, N.E. Apartments Associates, Inc., VPC3 II, LLP. (DG) (Entered: 07/16/2020) |
| 08/31/2020 | 11 | | **ORDERED: Plaintiff's Amended Complaint 6 is DISMISSED without prejudice as a shotgun pleading. Plaintiff is granted leave to file a second** |

| | | | |
|---|---|---|---|
| | | | amended complaint within 14 days from the date of this Order, which must correct the deficiencies discussed herein. Second Amended Complaint due by 9/14/2020. Failure to file a second amended complaint within the time provided will result in dismissal of this action without further notice. Signed by Judge Charlene Edwards Honeywell on 8/31/2020. (JDE) (Entered: 08/31/2020) |
| 09/14/2020 | 12 | | AMENDED COMPLAINT against Thomas J. Nestor with Jury Demand. filed by Thomas J. Nestor.(Robinson, Amber) (Entered: 09/14/2020) |
| 12/11/2020 | 13 | | **ORDER TO SHOW CAUSE. Plaintiff shall SHOW CAUSE within fourteen (14) days from the date of this Order why the Complaint against the Defendant(s) should not be dismissed for failure to comply with Federal Rule of Civil Procedure 4(m). Failure to respond to this Order may result in dismissal of this case without further notice from the Court. Signed by Judge Charlene Edwards Honeywell on 12/11/2020. (BGS)** (Entered: 12/11/2020) |
| 12/28/2020 | 14 | | RESPONSE TO ORDER TO SHOW CAUSE re 13 Order to show cause filed by Thomas J. Nestor. (Attachments: # 1 Exhibit service of process status, # 2 Exhibit service of process status, # 3 Exhibit service of process status)(Strzalkowski, Ralph) (Entered: 12/28/2020) |
| 12/29/2020 | 15 | | **ENDORSED ORDER granting 14 Plaintiff's construed motion for extension of time to effect service. Plaintiff is granted 30 days from the date of this Order in which to serve defendants, failing which the case will be dismissed without prejudice for nonservice. Signed by Judge Charlene Edwards Honeywell on 12/29/2020. (JDE)** (Entered: 12/29/2020) |
| 01/28/2021 | 16 | | RETURN of service executed on 1–15–21 by Thomas J. Nestor as to Jack Day. (Robinson, Amber) (Entered: 01/28/2021) |
| 01/28/2021 | 17 | | RETURN of service executed on 1–20–21 by Thomas J. Nestor as to N.E. Apartments Associates, Inc. (Robinson, Amber) Modified text on 1/29/2021 (MCB). (Entered: 01/28/2021) |
| 01/29/2021 | 18 | | NOTICE of Appearance by Eugenia Alexandra Izmaylova on behalf of Jack Day (Izmaylova, Eugenia) (Entered: 01/29/2021) |
| 01/29/2021 | 19 | | MOTION to Dismiss Second Amended Complaint [Doc 12] by Jack Day. (Izmaylova, Eugenia) (Entered: 01/29/2021) |
| 01/29/2021 | 20 | | RETURN of service executed on 1/27/20 by Thomas J. Nestor as to VPC3 II, LLP. (Strzalkowski, Ralph) (Entered: 01/29/2021) |
| 02/01/2021 | 21 | | Unopposed MOTION to Seal *Home Address of Judge Jack Day* by Jack Day. (Izmaylova, Eugenia) (Entered: 02/01/2021) |
| 02/01/2021 | 22 | | Unopposed MOTION to Seal *Home Address of Judge Jack Day* by Jack Day. (Izmaylova, Eugenia) (Entered: 02/01/2021) |
| 02/02/2021 | 23 | | NOTICE of Change in Local Rules. (BGS) (Entered: 02/02/2021) |
| 02/02/2021 | 24 | | NOTICE to Counsel of Local Rule 3.02(a)(2), which requires the parties in every civil proceeding, except those described in subsection (d), to file a case management report (CMR) using the uniform form at www.flmd.uscourts.gov. |

| | | | |
|---|---|---|---|
| | | | The CMR must be filed (1) within forty days after any defendant appears in an action originating in this court, (2) within forty days after the docketing of an action removed or transferred to this court, or (3) within seventy days after service on the United States attorney in an action against the United States, its agencies or employees. Judges may have a special CMR form for certain types of cases listed in Rule 3.02(d). These forms can be found at www.flmd.uscourts.gov under the Forms tab for each judge. (Signed by Deputy Clerk). (BGS) (Entered: 02/02/2021) |
| 02/02/2021 | 25 | | **ORDERED: Defendants Motion to Seal 22 is granted. The Clerk is directed to seal the return of service at Doc. 16, as it contains personal information that should not be made public. Defendant's Motion to Seal 21 is denied as moot. Signed by Judge Charlene Edwards Honeywell on 2/2/2021. (JDE)** (Entered: 02/02/2021) |
| 02/02/2021 | 26 | | **STANDING ORDER regarding discovery motions. Signed by Magistrate Judge Thomas G. Wilson on 2/1/2021. (DMS)** (Entered: 02/02/2021) |
| 02/10/2021 | 27 | | Unopposed MOTION for Extension of Time to File Answer to Amended Complaint by N.E. Apartments Associates, Inc., VPC3 II, LLP. (Huneycutt, Alice) Motions referred to Magistrate Judge Thomas G. Wilson. Modified text and event on 2/10/2021 (MCB). (Entered: 02/10/2021) |
| 02/12/2021 | 28 | | CORPORATE Disclosure Statement by N.E. Apartments Associates, Inc., VPC3 II, LLP. (Huneycutt, Alice) (Entered: 02/12/2021) |
| 02/12/2021 | 29 | | **ORDER granting 27 Motion for Extension of Time to Answer. N.E. Apartments Associates, Inc. answer or response due 2/24/2021; VPC3 II, LLP answer or response due 2/24/2021. Signed by Magistrate Judge Thomas G. Wilson on 2/12/2021. (Wilson, Thomas)** (Entered: 02/12/2021) |
| 02/12/2021 | 30 | | MOTION for Extension of Time to File Response/Reply as to 19 MOTION to Dismiss Second Amended Complaint [Doc 12] by Thomas J. Nestor. (Robinson, Amber). (Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 02/12/2021) |
| 02/16/2021 | 31 | | **ORDER granting 30 Motion for Extension of Time until February 26, 2021, to File Response. Signed by Magistrate Judge Thomas G. Wilson on 2/16/2021. (Wilson, Thomas)** (Entered: 02/16/2021) |
| 02/24/2021 | 32 | | NOTICE to the Courts to take judicial notice regarding *Defendants' Motion to Dismiss [Second] Amended Complaint (DOC. 12)* by N.E. Apartments Associates, Inc., VPC3 II, LLP. (Attachments: # 1 Exhibit Attachment 1, # 2 Exhibit Attachment 2, # 3 Exhibit Attachment 3, # 4 Exhibit Attachment 4, # 5 Exhibit Attachment 5, # 6 Exhibit Attachment 6, # 7 Exhibit Attachment 7, # 8 Exhibit Attachment 8, # 9 Exhibit Attachment 9, # 10 Exhibit Attachment 10, # 11 Exhibit Attachment 11, # 12 Exhibit Attachment 12, # 13 Exhibit Attachment 13, # 14 Exhibit Attachment 14, # 15 Exhibit Attachment 15, # 16 Exhibit Attachment 16, # 17 Exhibit Attachment 17, # 18 Exhibit Attachment 18, # 19 Exhibit Attachment 19, # 20 Exhibit Attachment 20, # 21 Exhibit Attachment 20a, # 22 Exhibit Attachment 20b, # 23 Exhibit Attachment 21, # 24 Exhibit Attachment 22, # 25 Exhibit Attachment 23, # 26 Exhibit Attachment 24, # 27 Exhibit Attachment 25, # 28 Exhibit Attachment 26, # 29 Exhibit Attachment 27, # 30 Exhibit Attachment 28, # 31 Exhibit Attachment 29, # 32 Exhibit Attachment 30, # 33 Exhibit Attachment 31, # 34 Exhibit |

| | | | |
|---|---|---|---|
| | | | Attachment 32, # 35 Exhibit Attachment 33, # 36 Exhibit Attachment 34, # 37 Exhibit Attachment 35, # 38 Exhibit Attachment 36, # 39 Exhibit Attachment 37, # 40 Exhibit Attachment 38, # 41 Exhibit Attachment 39, # 42 Exhibit Attachment 40, # 43 Exhibit Attachment 41)(Huneycutt, Alice) (Entered: 02/24/2021) |
| 02/24/2021 | 33 | | MOTION to Dismiss 12 Second Amended Complaint by N.E. Apartments Associates, Inc., VPC3 II, LLP. (Attachments: # 1 Exhibit Purchase and Sale Agreement, # 2 Exhibit Addendum, # 3 Exhibit Settlement Agreement and Mutual Release)(Huneycutt, Alice) Modified text on 2/25/2021 (MCB). (Entered: 02/24/2021) |
| 02/26/2021 | 34 | | SUPPLEMENT re 33 MOTION to Dismiss Second Amended Complaint (Doc. 12) , 12 Amended Complaint by N.E. Apartments Associates, Inc., VPC3 II, LLP. (Huneycutt, Alice) Modified text on 3/1/2021 (MCB). (Entered: 02/26/2021) |
| 02/26/2021 | 35 | | RESPONSE in Opposition re 19 MOTION to Dismiss Second Amended Complaint [Doc 12] filed by Thomas J. Nestor. (Robinson, Amber) (Entered: 02/26/2021) |
| 03/01/2021 | 36 | | SUPPLEMENT to Local Rule 3.01(g) Certification for Defendants Request for Judicial Notice 32 by N.E. Apartments Associates, Inc., VPC3 II, LLP. (Huneycutt, Alice) Modified text on 3/2/2021 (MCB). (Entered: 03/01/2021) |
| 03/16/2021 | 37 | | Unopposed MOTION for Extension of Time to File Response/Reply as to 33 MOTION to Dismiss Second Amended Complaint (Doc. 12) by Thomas J. Nestor. (Strzalkowski, Ralph) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 03/16/2021) |
| 03/19/2021 | 38 | | **ORDER granting 37 Motion for Extension of Time until March 31, 2021, to File Response. Signed by Magistrate Judge Thomas G. Wilson on 3/19/2021. (Wilson, Thomas)** (Entered: 03/19/2021) |
| 04/01/2021 | 39 | | MOTION to Dismiss Claims against VPC3 and NE Apartments *or in the alternative, to Dismiss Parties VPC3 II LLP and NE Apartments Associates Inc.* by Thomas J. Nestor. (Robinson, Amber) (Entered: 04/01/2021) |
| 04/05/2021 | 40 | | Amended MOTION to Dismiss Claims against VPC3 and NE Apartments by Thomas J. Nestor. (Robinson, Amber) (Entered: 04/05/2021) |
| 04/06/2021 | 41 | | **ORDERED: Plaintiff's Unopposed Motion for Dismissal of Claims against VPC3 II, LLP and N.E. Apartments Associates, Inc. or in the alternative Motion to Dismiss Parties 39 is DENIED as moot. Plaintiff's Unopposed Amended Motion for Dismissal of Claims against VPC3 II, LLP and N.E. Apartments Associates, Inc. 40 is GRANTED. Plaintiff's claims against VPC3 II, LLP and N.E. Apartments Associates, Inc. are DISMISSED with prejudice. The Clerk is directed to terminate VPC3 II, LLP and N.E. Apartments Associates, Inc. as parties to this action and update the docket accordingly. Defendants VPC3 II, LLP and N.E. Apartments Associates, Inc.'s Motion to Dismiss [Second] Amended Complaint 33 is DENIED as moot. Signed by Judge Charlene Edwards Honeywell on 4/6/2021. (JDE)** (Entered: 04/06/2021) |
| 04/20/2021 | 42 | | |

| | | | |
|---|---|---|---|
| | | | MOTION for Attorney Fees *And Incorporated Memorandum In Support* by N.E. Apartments Associates, Inc., VPC3 II, LLP. (Attachments: # 1 Exhibit A)(Huneycutt, Alice) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 04/20/2021) |
| 05/05/2021 | 43 | | RESPONSE in Opposition re 42 MOTION for Attorney Fees *And Incorporated Memorandum In Support* filed by Thomas J. Nestor. (Robinson, Amber) (Entered: 05/05/2021) |
| 06/03/2021 | 44 | | NOTICE of change of address by Eugenia Alexandra Izmaylova (Izmaylova, Eugenia) (Entered: 06/03/2021) |
| 08/16/2021 | 45 | | **ORDERED: Defendant Judge Jack Day's Motion to Dismiss Second Amended Complaint 19 is GRANTED. The Court lacks subject–matter jurisdiction to review and reject Judge Day's state–court judgment under Rooker–Feldman as to Plaintiff's constitutional claims in Counts I, II, and IV. To the extent that Rooker–Feldman does not bar consideration of Plaintiff's constitutional claims, Plaintiff's claims in Counts I, II, and IV are dismissed, with prejudice, based on immunity. Plaintiff's Title II ADA claim against Judge Day in Count VI is dismissed, with prejudice. The Clerk is directed to close this case. Signed by Judge Charlene Edwards Honeywell on 8/16/2021. (JDE)** (Entered: 08/16/2021) |
| 10/27/2021 | 46 | | NOTICE of hearing for oral argument on Motion for Attorney Fees (Doc. 42). Motion Hearing set for 11/30/2021 at 02:30 PM in Tampa Courtroom 12 A before Magistrate Judge Thomas G. Wilson. Belated submissions are disfavored. Any materials submitted after 4:00 p.m. on the day before the hearing will be disregarded.(KAJ) (Entered: 10/27/2021) |
| 11/08/2021 | 47 | | Unopposed MOTION to Continue *Hearing Scheduled November 30, 2021* by Thomas J. Nestor. (Robinson, Amber) (Entered: 11/08/2021) |
| 11/12/2021 | 48 | | **ORDER granting 47 Plaintiff's Unopposed Motion to Continue Hearing on Defendant's Motion for Attorney's Fees. Hearing to be rescheduled for December 15, 2021, at 2:30 p.m. Signed by Magistrate Judge Thomas G. Wilson on 11/10/2021. (DMS)** (Entered: 11/12/2021) |
| 11/12/2021 | 49 | | NOTICE OF RESCHEDULING HEARING: The hearing on 42 Defendant's Motion for Attorney's Fees previously scheduled for 11/30/2021 is rescheduled. New scheduling date and time: Motion Hearing set for 12/15/2021 at 02:30 PM in Tampa Courtroom 12A before Magistrate Judge Thomas G. Wilson. (DMS) (Entered: 11/12/2021) |
| 12/12/2021 | 50 | | Unopposed MOTION for Ralph Strzalkowsk to Appear Telephonically by Thomas J. Nestor. (Strzalkowski, Ralph) Modified text on 12/13/2021 (MCB). (Entered: 12/12/2021) |
| 12/13/2021 | 51 | | **ORDER granting 50 Motion to Appear Telephonically. Signed by Magistrate Judge Thomas G. Wilson on 12/13/2021. (Wilson, Thomas)** (Entered: 12/13/2021) |
| 12/15/2021 | 52 | | Minute Entry. In–person proceedings held before Magistrate Judge Thomas G. Wilson: MOTION HEARING held on 12/15/2021 re 42 MOTION for Attorney Fees *And Incorporated Memorandum In Support* filed by N.E. Apartments Associates, Inc., VPC3 II, LLP. (Digital) (DMS) (Entered: 12/15/2021) |

| 12/16/2021 | 53 | | **ORDER in re 42 Defendants' Motion for Attorneys' Fees permitting the plaintiff to provide, by December 30, 2021, evidence that the defendants agreed not to file a motion for attorney's fees if the plaintiff dismissed his claims against them. The defendants will have until January 10, 2022, to respond. Signed by Magistrate Judge Thomas G. Wilson on 12/16/2021. (DMS)** (Entered: 12/16/2021) |
| 12/30/2021 | 54 | | AFFIDAVIT of Ralph Strzalkowski and Amber Robinson re: 53 Order pdf by Thomas J. Nestor. (Robinson, Amber) (Entered: 12/30/2021) |
| 01/07/2022 | 55 | | TRANSCRIPT of motion hearing held on December 15, 2021 before Judge Thomas G. Wilson. Transcriber David J. Collier, Telephone number (813) 301–5575. Transcript may be viewed at the court public terminal or purchased through the Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Transcriber. Redaction Request due 1/28/2022 Redacted Transcript Deadline set for 2/7/2022 Release of Transcript Restriction set for 4/7/2022. (DJC) (Entered: 01/07/2022) |
| 01/07/2022 | 56 | | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal. Court Reporter: David Collier. (DJC) (Entered: 01/07/2022) |
| 01/10/2022 | 57 | | AFFIDAVIT of Alice R. Huneycutt by N.E. Apartments Associates, Inc., VPC3 II, LLP. (Huneycutt, Alice) (Entered: 01/10/2022) |
| 03/11/2022 | 58 | | **ORDER granting only to the extent that the Defendants are the prevailing parties and entitled to recover their reasonable attorneys' fees and costs re: 42 Motion for Attorney Fees. Signed by Magistrate Judge Thomas G. Wilson on 3/11/2022. (ABC)** (Entered: 03/11/2022) |
| 04/11/2022 | 59 | | Verified MOTION for Attorney Fees by N.E. Apartments Associates, Inc., VPC3 II, LLP. (Huneycutt, Alice) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 04/11/2022) |
| 05/11/2022 | 60 | | MOTION for Extension of Time to File Response/Reply as to 58 Order on Motion for Attorney Fees, 59 Verified MOTION for Attorney Fees by Thomas J. Nestor. (Robinson, Amber) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 05/11/2022) |
| 05/12/2022 | 61 | | **ORDER granting 60 Motion for Extension of Time to File Response / Reply re 59 Verified MOTION for Attorney Fees Responses due by 5/25/2022. Signed by Magistrate Judge Thomas G. Wilson on 5/12/2022. (ABC)** (Entered: 05/12/2022) |
| 05/25/2022 | 62 | | AFFIDAVIT of Kennan George Dandar re: 58 Order on Motion for Attorney Fees, 59 Verified MOTION for Attorney Fees by Thomas J. Nestor. (Robinson, Amber) (Entered: 05/25/2022) |
| 06/15/2022 | 63 | | |

| | | | REPLY to Response to Motion re <u>59</u> Verified MOTION for Attorney Fees filed by N.E. Apartments Associates, Inc., VPC3 II, LLP. (Attachments: # <u>1</u> Exhibit A – Settlement Offers from Thomas J. Nestor dated April 27, 2022)(Huneycutt, Alice) (Entered: 06/15/2022) |
|---|---|---|---|
| 12/29/2022 | <u>64</u> | | **ORDER granting <u>59</u> Motion for Attorney Fees. Signed by Magistrate Judge Thomas G. Wilson on 12/29/2022. (ABC)** (Entered: 12/30/2022) |
| 01/30/2023 | <u>65</u> | | NOTICE OF APPEAL as to <u>64</u> Order on Motion for Attorney Fees by Thomas J. Nestor. Filing fee not paid. (Robinson, Amber) (Entered: 01/30/2023) |

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

THOMAS J. NESTOR,

     Plaintiff,

v.                          CASE NO. 8:20-cv-265-CEH-TGW

VPC3 II, LLP, N.E. APARTMENTS
ASSOCIATES, INC., and JACK DAY

     Defendants.

_____/

## ORDER

     THIS CAUSE came on for consideration upon the Defendants' Verified Supplemental Motion on Amount of Attorneys' Fees (Doc. 59). In opposition, the plaintiff has filed the affidavit of attorney Kennan George Dandar (Doc. 62). The defendants filed a reply in opposition to the affidavit of Mr. Dandar (Doc. 63). Having considered the materials submitted and the governing legal standards, the defendants' motion is granted, however, only to the extent that the defendants be awarded $58,083.75 in attorneys' fees.

I.

     This matter arises out of the negotiations the plaintiff, Thomas Nestor, had with the defendants, VPC3 II, LLP ("VPC3 II") and N.E. Apartments Associations, Inc. ("N.E. Apartments") (collectively "the

1

defendants") in May 2012 regarding the purchase of the historic YMCA property in St. Petersburg, Florida (Doc. 12, p. 3, ¶1). VPC3 II acted as the seller and N.E. Apartments acted as the intervenor in the sale (id., pp. 3, 7, ¶¶1, 30).

The plaintiff alleged that VPC3 II attempted to impermissibly terminate the Purchase and Sale Agreement, executed by the parties, and, thus, on March 23, 2014, he sued VPC3 II for breach of contract in the Circuit Court for the Sixth Judicial Circuit of Florida (id., p. 6, ¶22). Judge Jack Day ("Judge Day"), the other defendant in this matter, was assigned to the case (id., ¶24). After several months of litigating, the plaintiff and the defendants entered into a Settlement Agreement on June 26, 2014, which reinstated the Purchase and Sale Agreement (id., pp. 6–7, ¶¶29–30). On July 23, 2014, the defendants filed Emergency Motions to Enforce Settlement Agreement, where they claimed that the plaintiff breached the agreement by failing to pay the proper amount at closing and for impermissibly assigning the Purchase and Sale Agreement (id., p. 16, ¶¶109–11). On September 4, 2014, Judge Day held a thirty-minute hearing on the matter and, thereafter, issued a non-final order wherein he found that the plaintiff had materially

2

breached both the Purchase and Sale Agreement and the Settlement Agreement (id., pp. 16, 19–20, ¶¶112–13, 145–46). Accordingly, he terminated the plaintiff's rights under the Purchase and Sale Agreement (id., pp. 19–20, ¶146).

The plaintiff appealed his case to the Second District Court of Appeal of Florida (id., p. 14, ¶88). The court, in a per curiam opinion, affirmed Judge Day's decision (id., p. 15, ¶100). Judge Day entered a final order on June 10, 2015 (id., ¶95). The plaintiff moved for review by the Florida Supreme Court, which was denied in February 2016 (id., p. 16, ¶106–07). A master dismissal order of the case was entered on March 8, 2017 (id., ¶108).

On February 3, 2020, the plaintiff filed a complaint against the defendants (Doc. 1). Thereafter, on June 2, 2020, the plaintiff filed an amended complaint, in which he added Judge Day as a defendant (Doc. 6). However, that motion was dismissed sua sponte as a shotgun pleading by United States District Judge Charlene Edwards Honeywell (see Doc. 11). Then, on September 14, 2020, the plaintiff filed a second amended complaint against all of the listed defendants, which sought "federal relief for civil

3

rights violations where the Plaintiff was deprived of his Fourteenth Amendment due process rights" (Doc. 12, p. 2). The second amended complaint is comprised of five counts, four of which are attributable only to Judge Day. There is a single claim of unjust enrichment against the corporate defendants (Count III) (id., pp. 20, 21, 22).

On April 5, 2021, the plaintiff filed an Unopposed Amended Motion for Dismissal of Claims (Doc. 40) against the corporate defendants only. Judge Honeywell granted the plaintiff's motion and his claim against those defendants was dismissed with prejudice (see Doc. 41). Judge Day filed a Motion to Dismiss the Second Amended Complaint (Doc. 19), which Judge Honeywell granted on April 6, 2021 (see Doc. 45).

On April 20, 2021, the defendants filed a Motion for Attorneys' Fees (Doc. 42), to which the plaintiff filed a vacuous response in opposition (Doc. 43). I held a hearing on the matter (Doc. 52). Subsequently, I issued an order granting the defendant's motion for attorney's fees as to entitlement only (see Doc. 58). In concluding my order, I directed that the defendants file attorney time records, justification for the hourly rates requested, and an itemized statement of costs, if any, within 30 days of my order, unless the

4

parties agreed to fees and costs (id., p. 13). Additionally, the plaintiff was directed that he was permitted to file a response within 30 days of the defendants' supplemental filing. Specifically, the plaintiff was directed that his response, if any, may

> take the approach of either considering each item individually or discounting the hours with an across-the-board reduction on some justifiable basis. If the plaintiff takes the approach of disputing specific hours, the plaintiff must file a statement within thirty (30) days of the defendants' filing of supporting documentation that states the objectionable hours, the reason(s) for the objection, and identify a reasonable time for that work. If the plaintiff objects to an hourly rate, the plaintiff must identify the rate, state the rate that they contend should apply, and explain the basis for that rate. The plaintiff may file an expert affidavit supporting the claimed time or rates. Additionally, the plaintiff must identify any cost as to which they object to reimbursement and specify the reason(s) for that objection. All time entries, rates, or costs not specifically objected to with a cogent explanation are subject to being granted.

(id., pp. 13–14).

Lastly, the defendants were permitted the ability to file a reply within 21 days of the plaintiff's response (id., p. 14).

5

The defendants filed the present Verified Supplemental Motion on Amount of Attorneys' Fees (Doc. 59). In that motion, they request $79,470.00 in attorneys' fees (id., pp. 2, 7). They have not made a request for costs. In response, the plaintiff filed the affidavit of attorney Kennan George Dandar ("Mr. Dandar") (Doc. 62). The defendants filed a reply in opposition to the affidavit of Mr. Dandar (Doc. 63).

## II.

The defendants, as the prevailing party, are entitled to recover their reasonable attorneys' fees under the terms of the Settlement Agreement (see Doc. 58). Thus, the only matter remaining for determination is the amount of a reasonable attorneys' fees to be awarded.

"Principles governing Florida contract law apply to the interpretation and enforcement of settlement agreements." Conte v. Winn Dixie Stores, Inc., 2017 WL 4693072 at *2 (N.D. Fla. 2014); see also Resnick v. Uccello Immobilien GMBH, Inc., 227 F.3d 1347, 1350 (11th Cir. 2000). The Settlement Agreement indicates that Florida law shall govern

6

(Doc. 42-1, p. 10)[1]. As the defendants correctly state, the federal lodestar approach is recognized as the foundation for setting reasonable fee awards (see Doc. 59, p. 2). Florida courts have adopted the federal lodestar approach in determining a reasonable attorneys' fee. See Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 1150–52 (Fla. 1985); Bell v. U.S.B. Acquisition Co., Inc., 734 So.2d 403, 406 (Fla. 1999). This method requires the court to determine a "lodestar figure" by multiplying a reasonable hourly rate for the services of the prevailing party's attorneys by the number of hours reasonably expended on the litigation. Norman v. The Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The fee applicant bears the burden of presenting satisfactory evidence to establish that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. Id. at 1299, 1303.

---

[1.] Thus, the Settlement Agreement states:
**Choice of Law and Venue.**
This Settlement Agreement shall be governed by the laws of the State of Florida. With respect to any legal proceeding relating to this Settlement Agreement, each Party hereto consents to the jurisdiction of the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.
(Doc. 42-1, p. 10) (emphasis added).

7

Once the lodestar is determined, the court must then consider whether an adjustment of the lodestar for the results obtained is appropriate. See Perdue v. Kenny A. ex. rel. Winn, 559 U.S. 542, 552 (2010). Hours that are "redundant, excessive, or otherwise unnecessary" are not to be included in the determination of hours reasonably expended. See Perez v. Carey International, Inc., 373 Fed. Appx. 907, 911 (11th Cir. 2010) (internal citations omitted).

A.   Hourly Rates.

The court must determine a reasonable hourly rate for the services of the defendants' attorneys. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. The Housing Authority of the City of Montgomery, supra, 836 F.2d at 1299. The defendants, the fee applicants in this matter, bear the burden of providing "the court with specific and detailed evidence from which the court can determine [a] reasonable hourly rate." Id. at 1303. Evidence of prevailing rates for comparable services can be adduced either through direct evidence of charges by lawyers under similar circumstances

8

or by opinion. Id. Further, "[t]he court . . . is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees." Id. at 1303 (internal citation omitted).

       In this matter, the defendants were represented by attorneys Alice R. Huneycutt, John N. Muratides, and Nicole Neugebauer (Doc. 59, p. 2). All three attorneys are with the law firm Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. ("Stearns Weaver") (id., pp. 2–3). Ms. Huneycutt, the undersigned attorney on the motion, is lead counsel in this matter and was assisted by Mr. Muratides and Ms. Neugebauer (id., p. 3). Ms. Huneycutt has practiced litigation in Florida for 42 years and Mr. Muratides has practiced litigation in Florida for 39 years (id., pp. 2, 3). Defense counsel states that "[t]heir standard hourly billing rates are $550.00; however [they] agreed to work on th[e] case at a reduced hourly rate of $375.00" (id., p. 3). Ms. Neugebauer has been admitted to practice in Florida since November 2020 (id.). Ms. Neugebauer's hourly rate is $250.00 (id.). Finally, Ms. Lynn Derenthal, a paralegal with Stearns Weaver, worked on this matter. The defendants request an hourly rate of $225.00 for Ms. Derenthal's work (id.,

9

p. 5). Notably, no information has been provided regarding Ms. Derenthal's legal experience (id.).

As indicated, the plaintiff filed an affidavit by attorney Kennan George Dandar in opposition to the defendants' motion. Mr. Dandar states that he has been licensed in Florida since 1979 and is "familiar with attorney's fees awarded to counsel in the State of Florida" (Doc. 62, p. 1). Mr. Dandar does not provide any information regarding his area of expertise, if any, and whether he still practices law in Florida. In his affidavit, Mr. Dandar only addresses the hourly rate of Ms. Huneycutt (id.). However, Mr. Dandar does not contest the reasonableness of Ms. Huneycutt's hourly rate (id.).[2] Thus, it is presumed that the plaintiff does not oppose the reasonableness of defense counsel's hourly rates.

Taking into consideration counsel's experience, the prevailing market rates in the area, and the lack of opposition from the plaintiff, I conclude that the requested rates for the attorneys are reasonable. See Norman v. The Housing Authority of the City of Montgomery, supra, 836

---

[2.] Thus, Mr. Dandar states, "[t]he hourly rate of $350 to $375 for Alice R. Huneycutt is reasonable" (Doc. 62, p. 1).

F.2d at 1303 (providing that the court itself is an expert in determining prevailing market rates). Accordingly, Ms. Huneycutt and Mr. Muratides shall be awarded an hourly rate of $375.00, and Ms. Neugebauer shall be awarded an hourly rate of $250.00. However, the requested hourly rate of $225.00 for Ms. Derenthal is too high. As indicated, no information has been provided regarding Ms. Derenthal's legal experience. Further, a large part of the billing records by Ms. Derenthal indicates that the work performed involved "compiling documents," "prepar[ing] documents," and "adding citations," which constitutes paralegal work (Doc. 59, p.13). Paralegal work may not be charged against an opposing party at attorney rates and, notably, Ms. Derenthal's rate is only $25.00 less than Ms. Neugebauer's. See Allen v. U.S. Steel Corp., 665 F.2d 689, 697 (5th Cir. 1982); see also Omnipol, A.S. v. Worrell, 8:19-CV-794-VMC-TGW, 2021 WL 1842212 at *5 (M.D. Fla. Mar. 23, 2021), report and recommendation adopted, 8:19-CV-794-VMC-TGW, 2021 WL 1840513 (M.D. Fla. May 7, 2021). Accordingly, based on my review of the relevant authorities and my own experience, an hourly rate of $100.00 for Ms. Derenthal is reasonable.

   B.   Reasonableness of the Number of Hours Expended.

11

The second half of the lodestar determination requires the court to calculate the number of hours reasonably expended on the litigation. Accordingly, the court "still must determine whether time was reasonably expended, and if it was not, that time should be excluded from the fee calculation." Perez v. Carey International, Inc., supra, 373 Fed. Appx. at 911. It is the fee applicant's burden to adequately document the number of hours expended on a given case. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Thus, "[the fee applicant] should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Norman v. The Housing Authority of the City of Montgomery, supra, 836 F.2d at 1303. The applicant bears the burden of supplying such evidence to the court for its review. Id.

Defense counsel states that they worked numerous hours on this matter. Thus, Ms. Huneycutt performed 130.80 hours of legal services, Mr. Muratides performed 42.20 hours of legal services, Ms. Neugebauer performed 43.80 hours of legal services, and Ms. Derenthal performed 16.20

12

hours of legal services (Doc. 62, p. 5). In sum, the defendants' motion seeks compensation for 233 hours of legal work performed (id.). Defense counsel states that these hours were spent on all facets of the litigation, including drafting of the pleadings and various motions, extensive legal analysis, case management and communication, and post-judgment proceedings (id., pp. 5–6). Additionally, defense counsel has submitted their contemporaneously-recorded billing records, which they aver are "true and correct copies" of the services performed in connection with this matter (see id., pp. 11–24). The defendants have not submitted an expert affidavit supporting the reasonableness of their fees and the requested sum.

As indicated, the plaintiff did not file a response in opposition to the defendants' motion; rather, he filed the affidavit of Mr. Dandar. In his affidavit, Mr. Dandar asserts various claims regarding the reasonableness of the number of hours spent by defense counsel.

Mr. Dandar first asserts that "[o]nly one attorney is reasonable to represent the Defendants in this matter, not four" (Doc. 62, p. 1). This assertion is properly discounted as "[t]here is nothing inherently unreasonable about a client having multiple attorneys, and they all may be

13

compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." Norman v. The Housing Authority of the City of Montgomery, supra, 836 F.2d at 1302. Thus, the fee applicant has the burden to show that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case. American Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999). The defendants have met their burden. Defense counsel has provided detailed billing records, which show the work done by each attorney and paralegal (see Doc. 62 pp. 11–24). These records show the distinct contribution of each attorney and paralegal in this matter. Compare Comercio Y Servicios De Transporte Privado PBA S.A. De C.V. v. RDI, LLC, 8:17-CV-1038-TGW, 2020 WL 364784 at *5 (M.D. Fla. Jan. 22, 2020).

Additionally, Mr. Dandar provides what he purports to be a reasonable number of hours spent on various tasks, such as the motion to dismiss, in this matter. He also, cryptically, states a total number of hours that, Ms. Huneycutt only, should have spent on the entirety of the case. Thus, he states (Doc. 62, pp. 1–2):

14

C.      100.700 hours for a Motion to Dismiss in
this case is unreasonable; At the most, the
reasonable hours should be 4 to 7 hours.

D.      60.50 hours to research and file a Rule 11
motion is outrageous. 1 to 3 hours maximum is
reasonable.

E.      Reasonable fee for motion for entitlement to
attorney fees and attending a hearing is 3 to 4
hours, not 58.20 hours.

F.      Reasonable time for all communication
with opposing counsel on the matters expressed
would be no more than 2 hours.

5.      It is therefore my considered opinion based
on all factors to consider that a reasonable hours
incurred by Alice R. Huneycutt is 10 to 16 hours
at $350 to $375 per hour.

Notably, in the defendants' reply, they correctly assert that Mr.

Dandar's affidavit does not comply with my previous order (Doc. 63, pp. 2–

4). For instance, Mr. Dandar states, in a conclusory manner, that "[a]t the

most, the reasonable hours [on a motion to dismiss] should be 4 to 7 hours,"

which is significantly less than the 100.70 hours requested by defendants

(Doc. 62, p. 1). While Mr. Dandar's affidavit provides what he perceives to

be a "reasonable time" for the various tasks, he gives no cogent "reasons for

the objection," in direct contravention of my order (see Doc. 58, pp. 13–14).

Moreover, there is no indication as to whether Mr. Dandar practices in this

15

area of the law, or even if he currently practices law in Florida (see Doc. 62).
Thus, Mr. Dandar's affidavit does not qualify as "an expert affidavit
supporting the claimed time or rates" permitted by my order (Doc. 58, p. 14).
Even if he were an expert, Mr. Dandar's conclusory and arbitrary statements
regarding the reasonableness of the fees is clearly insufficient. Norman v.
The Housing Authority of the City of Montgomery, supra, 836 F.2d at 1259
(noting that "[g]eneralized statements that the time spent was . . .
unreasonable . . . are not . . . entitled to much weight" and "[a]s the district
court must be reasonably precise in excluding hours thought to be
unreasonable or unnecessary, so should the objections and proof from fee
opponents.").

Further, the defendants correctly assert that, in my order, I
stated that "[a]ll time entries, rates, or costs not specifically objected to with
a cogent explanation are subject to being granted" (Doc. 58, p. 14). Thus, the
defendants aver that their request for attorneys' fees is due to be granted.
However, the plaintiff's failure to persuasively argue that the defense
counsel's billing records contain excessive time entries does not mean that
the defendants' request is automatically granted. See Ottaviano v. Nautilus

16

Ins. Co., 717 F. Supp. 2d 1259, 1268 (M.D. Fla. 2010) (citing Norman v.

The Housing Authority of the City of Montgomery, supra, 836 F.2d at 1259).

Importantly, the defendants' motion is also deficient.

In defense counsel's time records, provided as part of the

defendants' motion, many of the entries are a form of impermissible block

billing. Thus, on multiple occasions, an attorney will list multiple tasks in a

single entry and, moreover, the entry itself is for a noticeably large period of

time. For instance, Ms. Huneycutt made the following submissions, with the

corresponding hours spent on the task noted in bold font (Doc. 62, pp. 12,

13, 15–16):

> 2/21/21: ARH: Review lower court pleadings;
> analyze initial brief, answer brief and reply brief
> for references to res judicata argument; telephone
> conference with N. Neugebauer regarding outline
> of arguments for motion to dismiss; evaluate
> supplemental jurisdiction argument; e-mail
> correspondence to client regarding status of
> federal case; draft procedural history of case for
> motion to dismiss;
> **7.10 hours**
>
> 2/22/21: ARH: Telephone conference with P.
> Powell and C. Carver regarding status of federal
> suit and arguments for motion to dismiss; various
> conferences with N. Neugebauer regarding legal

17

arguments and research; preparation of motion to dismiss; telephone conference with L. Derenthal regarding separation of requests for judicial notice of lower state and appellate court filing; review docket sheet of four pending state court cases; preparation of request to judicial notice;
**7.50 hours**

4/19/21: ARH: Continue preparation of motion for determination of entitlement to attorneys' fees; telephone conferences with J. Muratides regarding analysis of dismissal under Rule 41 and status of research of federal entitlement to fees;
**8.30 hours**

Further, due to the block billing, the number of hours spent on the motion to dismiss on the day it was filed is perplexing. Thus, the motion to dismiss was filed on February 24, 2021, at 10:21 p.m. (see Doc. 33). On that date, there are three entries that reflect work performed on the motion to dismiss; however, those entries add up to a total of 24.4 hours performed on February 24, 2021, alone (Doc. 59, p. 13):

2/24/21: JNM: Review and revise motion to dismiss; revise request for judicial notice; evaluate cases supporting motion to dismiss;
**12 hours**

2/24/21: LRD: Continue preparing request for judicial notice and compiling documents for filing; prepare documents for filing as attachments;

18

continue adding citations to the motion to dismiss;
**4.00 hours**

2/24/21: NAN: Revise motion to dismiss and
prepare exhibits;
**8.40 hours**

Clearly, it is unlikely that this amount of time was spent on the motion to

dismiss in a single day. Notably, the entries include work on both the motion

to dismiss and the request for judicial notice. The court could deduce that

more time was spent on the motion to dismiss. Thus, the motion to dismiss

was a 25-page document involving substantive analysis (see Doc. 33), while

the request for judicial notice was merely a 6-page document requesting the

district court to take judicial notice of numerous documents filed by the

parties in the state court proceeding, which were attached to the filing as

exhibits (see Doc. 32). However, because the entries by Mr. Muratides and

Ms. Derenthal combine the tasks of work performed on the motion to dismiss

and the request for judicial notice into a single entry, it is impossible to

decipher what amount of time was put towards each task. American Civil

Liberties Union of Georgia v. Barnes, supra, 168 F.3d at 432 (noting that

"[t]he imprecision of the billing records submitted by the plaintiff[] makes it

19

difficult, if not impossible, to calculate with any precision the number of hours an attorney devoted to a particular task in this litigation.").

Moreover, seasoned attorneys like Ms. Huneycutt and Mr. Muratides should not spend excessive hours on tasks such as a motion to dismiss based on the <u>Rooker-Feldman</u> doctrine and a motion for entitlement to attorneys' fees. <u>Scherer</u> v. <u>JPMorgan Chase Bank, N.A.</u>, 6:21-CV-119-RBD-GJK, 2022 WL 2785201 at *4 (M.D. Fla. May 23, 2022), <u>report and recommendation adopted,</u> 6:21-CV-119-RBD-GJK, 2022 WL 2785200 (M.D. Fla. June 10, 2022) ("the legal issues [such as] the *Rooker-Feldman* doctrine [] as argued and decided in the Motions to Dismiss are simple and straightforward matters that do not require extensive research nor long years of experience for effective presentation"); <u>Omnipol, A.S.</u> v. <u>Worrell</u>, <u>supra</u>, 2021 WL 1842212 at *5 (noting that the amount of time spent on a fee entitlement matter was excessive).

Importantly, the Supreme Court has cautioned that a "request for attorney's fees should not result in a second major litigation." <u>Hensley</u> v. <u>Eckerhart</u>, 461 U.S. 424, 431 (1983); <u>see also</u> <u>Illoominate Media, Inc.</u> v. <u>CAIR Fla., Inc.</u>, 22-10718, 2022 WL 4589357 at *5 (11th Cir. Sept. 30,

20

2022) (citing Hensley v. Eckerhart, supra, 461 U.S. at 431). Thus, "courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." Fox v. Vice, 563 U.S. 826, 838 (2011). "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). Although each time entry has been reviewed, in this matter a general across-the-board reduction in the number of hours is appropriate. See Ceres Environmental Services, Inc. v. Colonel McCrary Trucking, LLC, 476 Fed. Appx. 198, 203 (11th Cir. 2012) ("Courts [particularly] have . . . approved across-the-board reductions in block-billed hours to offset the effects of block billing.").

Thus, the defendants have included an excessive number of hours in their attorneys' fees request, while the plaintiff has not provided any reasonable basis for reducing the amount of hours requested. Based on my review, it appears the requested hours are overstated by about 25%. Accordingly, the fees will be calculated as follows:

21

| Claimant | Hours | 25% reduction rate |
|---|---|---|
| Ms. Honeycutt | 130.80 | 130.80 x 0.25 = 32.7<br>130.80 − 32.7 = 98.1 hours<br>98.1 x $375.00 = $36,787.50 |
| Mr. Muratides | 42.20 | 42.20 x 0.25 = 10.55<br>42.20 − 10.55 = 31.65 hours<br>31.65 x $375.00 = $11,868.75 |
| Ms. Neugebauer | 43.80 | 43.80 x 0.25 = 10.95<br>43.80 − 10.95 = 32.85 hours<br>32.85 x $250.00 = $8,212.50 |
| Ms. Derenthal | 16.20 | 16.20 x 0.25 = 4.05<br>16.20 − 4.05 = 12.15 hours<br>12.15 x $100.00 = $1,215.00 |
|  |  | **Total**: $36,787.50 + $11,868.75 + $8,212.50 + $1,215.00 = **$58,083.75** |

It is, therefore, upon consideration,

ORDERED:

That the Defendants' Verified Supplemental Motion on Amount of Attorneys' Fees (Doc. 59) be, and the same is hereby, **GRANTED, only to the extent** that the defendants are awarded $58,083.75 in attorneys' fees.

22

DONE and ORDERED at Tampa, Florida, this 28th day of

December, 2022.

_____

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

23

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS NESTOR,
Plaintiff,

V.

VPC3 II, LLP, N. E. APARTMENTS
ASSOCIATES, INC. and JUDGE
JACK DAY, in his official capacity,
Defendants.

                                                    Case No. 8:20-cv-00265-T-36TGW


_____/


### **NOTICE OF APPEAL**

THOMAS NESTOR, through undersigned counsel for the limited purpose of filing this

Notice on his behalf, hereby files this Notice of Appeal to the Eleventh Circuit Court of Appeal,

regarding .the Order Granting Motion for Attorney Fees (Dkt 64).


Dated: January 30, 2023

1

Respectfully submitted,

FLORIDA RIGHTS LAW FIRM
/s/AMBER ROBINSON
AMBER C. ROBINSON, ESQ.
Florida Bar No. 107215
/s/ RALPH STRZALKOWSKI
RALPH  STRZALKOWSKI, ESQ.
Florida Bar No. 89248
FLORIDA RIGHTS LAW FIRM
360 Central Avenue, Suite 800
St. Petersburg, Florida 33701
Telephone:(813) 613-2400
Facsimile: (727) 362-1979
Email: arobinson@arobinsonlawfirm.com
        rs@lawyeronwheels.org
*Limited Counsel for pro se Appellant, Thomas Nestor*


## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to

the parties on the service list.

/s/ Amber Robinson

2