UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS NESTOR,

    Plaintiff,

v.                                     Case No. 8:20-cv-00265-CEH-TGW

VPC3 II, LLP, N. E. APARTMENTS
ASSOCIATES, INC. and JUDGE
JACK DAY, in his official capacity,

    Defendants.
_____/

### DEFENDANTS VPC3 II, LLP AND N.E. APARTMENTS ASSOCIATES, INC.'s MOTION AND INCORPORATED MEMORANDUM OF LAW FOR ENTRY OF ORDER ADOPTING MAGISTRATE'S ORDERS AWARDING ATTORNEYS' FEES

Defendants VPC3 II, LLP, and N.E. Apartments Associates, Inc. ("Defendants"), by and through undersigned counsel, move this Court for entry of a final order adopting the orders or recommendations of the Honorable Thomas G. Wilson, United States Magistrate Judge, entered on March 11, 2022 (D.E. 58) and December 29, 2022 (D.E. 64), awarding Defendants attorneys' fees in the amount of $58,083.75, and state:

### BACKGROUND AND ARGUMENT

1. Plaintiff Thomas Nestor ("Plaintiff") filed this action on February 4, 2020, suing a state court judge and Defendants and seeking to invalidate a state court

ruling made at a September 4, 2014 hearing, which enforced a court-approved Settlement Agreement, and to set aside the sale of the real property that occurred on November 12, 2014 pursuant to the Settlement Agreement.

2. On June 2, 2020, Plaintiff filed an amended complaint (D.E. 6), which this Court *sua sponte* dismissed as an improper shotgun pleading. Subsequently, Plaintiff filed a second amended complaint (D.E. 12) (the "Complaint").

3. Defendants filed a Motion to Dismiss the Complaint (D.E. 33) on February 24, 2021, based on the *Rooker-Feldman* doctrine, *res judicata*, and other grounds. Defendants' Motion to Dismiss detailed the factual and legal issues that had been litigated by the state trial court and the appellate court, and Defendants filed an accompanying request for judicial notice attaching forty separate documents from the state court proceedings.

4. Rather than file a response to Defendant's Motion to Dismiss, Plaintiff filed an unopposed motion for dismissal of claims against VPC3 II, LLP and N.E. Apartments Associates, Inc., or in the alternative, motion to dismiss parties (D.E. 39). On April 5, 2021, Plaintiff filed his Unopposed Amended Motion for Dismissal of Claims against VPC3 II, LLP and N.E. Apartments Associates, Inc. (D.E. 40), requesting dismissal of the claims against Defendants with prejudice.

5. On April 6, 2021, this Court granted the Unopposed Amended Motion for Dismissal of Claims and dismissed Plaintiff's claims against VPC3 II, LLC and N.E. Apartments Associates, Inc. with prejudice (D.E. 41).

6. On April 20, 2021, Defendants filed a Motion for Determination of Entitlement to Attorneys' Fees and Incorporated Memorandum in Support (D.E. 42), which was referred to the Honorable Thomas G. Wilson, United States Magistrate Judge (the "Magistrate").

7. On March 11, 2022, the Magistrate entered a 15-page order (D.E. 58) granting this motion and adjudicating that Defendants were found to be the prevailing parties and therefore entitled to recover attorneys' fees and costs.

8. In accordance with the above order, on April 11, 2022, Defendants VPC3 II, LLC and N.E. Apartments Associates, Inc. filed a Verified Supplemental Motion on [the] Amount of Attorneys' Fees (D.E. 59), itemizing Defendants' costs and fees. This supplemental motion was similarly referred to the Magistrate.

9. On December 29, 2022, the Magistrate entered a detailed 23-page order awarding Defendants VPC3 II, LLC and N.E. Apartments Associates, Inc. attorneys' fees in the amount of $58,083.75 (D.E. 64).

10. Plaintiff failed to file any objections to either of the Magistrate's orders within fourteen days as permitted by Fed. R. Civ. P. 72(b)(2); Middle District of Florida Administrative Order 8:20-mc-100-T-23; and Middle District of Florida

Rule 1.02 Order, effective January 1, 2021, which were in effect at the time of the Magistrate's Orders.

11. Instead, on January 30, 2023, Plaintiff directly appealed these orders to the Eleventh Circuit, Case No. 23-10331, purportedly divesting the district court of jurisdiction to enter a final order adopting the Magistrate's orders.

12. After both parties briefed the issues on appeal, the Eleventh Circuit *sua sponte* dismissed the appeal for lack of jurisdiction on March 14, 2024. The basis for the apparent jurisdictional defect is that the parties before this Court did not consent to the entry of dispositive decisions by a Magistrate Judge, and therefore, the same could not be appealed without first obtaining entry of a final order by the District Court.

13. Because the 11th Circuit found the Magistrate's orders to be non-appealable in the absence of a final order, this Court was never truly divested of jurisdiction to enter a final order. *United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979) (en banc), *superseded by statute on other grounds as recognized by United States v. Martinez*, 763 F.2d 1297, 1308 n.11 (11th Cir. 1986) (holding that filing a notice of appeal from a non-appealable order does not divest the district court of jurisdiction); *Estate of Jennings v. Gulfshore Private Home Care, LLC*, 2021 WL 4817710 *2 (11th Cir. 2021) ("[Plaintiff's] notice of appeal of a non-appealable order did not divest the district court of jurisdiction[.]").

14. Thus, not only did Plaintiff fail to file any timely objections to the Magistrate's orders within fourteen days as provided by the above-referenced rules—Plaintiff failed to file *any* objections to the Magistrate's orders in the ***sixteen months*** that have passed since the December 29, 2023 Magistrate decision awarding attorneys' fees to Defendants, throughout which this Court has effectively retained jurisdiction.

15. Having failed to object, this Court should enter a final order accepting and adopting both of the Magistrate's orders without delay, as the absence of objections only requires a review of the record for clear error. *Cortaza v. Commissioner of Social Security*, 2023 WL 2160776 *1 (S.D. Fla. 2023) ("[W]hen no party has timely objected, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"); Fed. R. Civ. P. 72(b) Advisory Committee Notes (citation omitted).

16. There being no clear error on the face of the record, Defendants respectfully request entry of a final order adopting the recommendations of the Honorable Thomas G. Wilson, United States Magistrate Judge, entered on March 11, 2022 (D.E. 58) and December 29, 2022 (D.E. 64), granting Defendants an award of attorneys' fees in the amount of $58,083.75.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants VPC3 II, LLC and N.E. Apartments Associates, Inc.'s Motion for Entry of Order Adopting Magistrate's Orders Awarding Attorneys' Fees, and entry of a Final Judgment thereon.

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that counsel for the movants conferred with Plaintiff's counsel, Mr. Ralph Strzalkowski, Esq., regarding the relief sought in this motion and was advised that Mr. Strzalkowski does not continue to represent Plaintiff in this matter (the other co-counsel for Plaintiff, Amber Robinson, passed away last year), and that he does not intend to continue to represent Plaintiff, and Mr. Strzalkowski authorized the undersigned counsel to communicate directly with Plaintiff as to whether Plaintiff has any objection to the relief requested herein. The undersigned has conferred with Plaintiff via email on April 24, 2024 and April 29, 2024 to inquire whether Plaintiff has any objection to the relief requested in this motion and requested that Plaintiff advise whether he has any objection. Plaintiff has advised that he cannot state whether he has any objection until the Court "has ruled, stated and/or provided direction and clarity" regarding the continued representation of Mr. Strzalkowski in this case. Mr. Strzalkowski advises he will be filing a "Notice of Conclusion of Representation or in the Alternative, Motion to Withdraw"

("Notice"), and advises that Plaintiff requests that Plaintiff have 45 days to seek new counsel in this case. Defendants have no objection to 45 days for Plaintiff to seek new counsel but to the extent Plaintiff may request more than 45 days, Defendants would object to any such extended period of time particularly since Mr. Nestor has represented himself *pro se* before the Eleventh Circuit with respect to the appeal in this case. Given the current circumstances and Mr. Strzalkowski's Notice, Defendants defer to the Court as to the timing for the Court's consideration and resolution of this Motion.

Dated: April 30, 2024.

Respectfully submitted,

/s/ *John N. Muratides*
JOHN N. MURATIDES, ESQUIRE
*Lead Counsel*
Florida Bar. No. 332615
Primary: jmuratides@stearnsweaver.com
Secondary: lwade@stearnsweaver.com
NICHOLAS M. SANDERS, ESQUIRE
Florida Bar No. 1049549
Primary: nsanders@stearnsweaver.com
Secondary: dclarke-argo@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
401 East Jackson Street, Suite 2100
Tampa, Florida 33602
Telephone: (813) 223-4800
Facsimile: (813) 222-5089
ATTORNEYS FOR DEFENDANTS, VPC3 II, LLP and N. E. APARTMENTS ASSOCIATES, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of April, 2024, I filed the foregoing with the Clerk of Court via CM/ECF which will serve a true and correct copy upon all counsel of record and by First Class U.S. Mail and email to the following:

Thomas J. Nestor
500 45th Avenue NE
St. Petersburg, Florida 33703
Email: plaintiffthomasjn@gmail.com

/s/ *John N. Muratides*
JOHN N. MURATIDES, ESQUIRE

#12712198 v1