## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

THOMAS J. NESTOR,

      Plaintiff,

v.                                 Case No: 8:20-cv-265-CEH-TGW

JACK DAY,

      Defendant.

_____

## <u>ORDER</u>

      This matter is before the Court on Plaintiff's Emergency Motion to Stay Proceedings to Allow Plaintiff the Mutually Agreed to Time for Plaintiff to Seek and Retain New Counsel and/or Legal Assistance in this Case. Although the motion represents that Defendants do not oppose a 45-day extension of time, Defendants have filed a response in opposition stating they agreed to a 45-day extension on April 30, and that time has now expired and they oppose an additional 45 days. Doc. 76. Upon consideration, the motion will be granted, and the Court will stay the action for 45 days to allow Plaintiff time to retain new counsel or seek legal assistance.

## DISCUSSION

      Plaintiff Thomas Nestor, through counsel, initiated this case in February 2020 against Defendants VCP II, LLP and N.E. Apartments Associates, Inc. asserting a state law claim for unjust enrichment and constitutional claims for violation of due process under the Fifth and Fourteenth Amendments. Doc. 1. In an Amended

Complaint filed September 14, 2020, Plaintiff added Judge Jack Day as a Defendant and sued Defendants VPC3 II, LLP and N.E. Apartment Associates, Inc., for unjust enrichment only. Doc. 12. On April 5, 2021, Plaintiff filed an amended motion for dismissal of claims against VPC3 II, LLP and N.E. Apartment Associates, Inc. Doc. 40. Pursuant to Plaintiff's amended motion, the Court dismissed Plaintiff's claims against VPC3 II, LLP and N.E. Apartment Associates, Inc. with prejudice. Doc. 41. Thereafter, Defendants VPC3 II, LLP and N.E. Apartment Associates, Inc. (Defendants) moved for an order awarding attorney's fees and costs as prevailing parties, which Plaintiff opposed. Docs. 42, 43. On March 11, 2022, the Magistrate Judge entered an order granting Defendants' motion to the extent he determined Defendants were entitled to fees and costs. Doc. 58. On December 29, 2022, the Magistrate Judge entered an order awarding Defendants $58,083.75 in attorney's fees. Doc. 64. Rather than file an objection to the Magistrate Judge's Order, Plaintiff filed a notice of appeal (Doc. 65) before the order was rendered final by the district court.

Because the Magistrate Judge's order was not a final order, the appellate court lacked jurisdiction to consider it. Doc. 67. Accordingly, the appeal was dismissed for lack of jurisdiction. *Id.* at 6. After mandate issued, Plaintiff's counsel moved to withdraw (Doc. 70), and Defendants moved to have this Court adopt the Magistrate Judge's earlier order awarding them fees and costs (Doc. 71). The Court directed Plaintiff to respond to Defendants' motion. Doc. 73. The Magistrate Judge denied the motion to withdraw without prejudice. Doc. 74.

2

Now before the Court is Plaintiff's emergency motion requesting 45 days in which to obtain new counsel and/or legal assistance. Doc. 75. In support, Plaintiff argues his original counsel who filed this case has died and counsel who took over her cases does not have the ability to properly represent Plaintiff. Because Plaintiff desires new counsel before proceeding with this case, he requests a stay of the case.

Defendants initially agreed to a 45-day extension for Plaintiff to respond to its motion while Plaintiff sought to obtain new counsel. However, Defendants now object, asserting that Plaintiff has failed to demonstrate a reasonable basis to support an additional 45 days. The Court finds Plaintiff has stated good cause for the requested extension of time. Accordingly, upon consideration, the motion will be granted. It is

**ORDERED:**

1.      Plaintiff's Emergency Motion to Stay Proceedings (Doc. 75) is **GRANTED**.

2.      This case is **STAYED** for 45 days until August 5, 2024, to allow Plaintiff time to seek new counsel and/or legal assistance.

3.      The Clerk is directed to administratively **CLOSE** this case.

4.      The Court will reopen the case on August 5, 2024. Any party may move prior to that time for an order reopening the case.

**DONE** and **ORDERED** in Tampa, Florida on June 20, 2024.

Charlene Edwards Honeywell
United States District Judge

3

Copies furnished to:
Counsel of Record
Unrepresented Parties