## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

THOMAS J. NESTOR,

     Plaintiff,

v.                                 Case No: 8:20-cv-265-CEH-TGW

VPC3 II, LLP, N.E. APARTMENTS
ASSOCIATES, INC. and JUDGE
JACK DAY, in his official capacity,

     Defendants.

_____/

# O R D E R

     This matter comes before the Court on Defendants VPC3 II, LLP and N.E. Apartments Associates, Inc.'s Motion for Entry of Order Adopting Magistrate's Orders Awarding Attorneys' Fees (Doc. 71). In the motion, Defendants request entry of an order adopting the Magistrate Judge's Orders finding Defendants entitled to attorneys' fees and costs and awarding Defendants attorneys' fees in the amount of $58,083.75. Plaintiff, who is proceeding *pro se*, filed a response in opposition (Doc. 90), and Defendants replied (Doc. 91). The Court, having considered the motion and being fully advised in the premises, will grant Defendants VPC3 II, LLP and N.E. Apartments Associates, Inc.'s Motion for Entry of Order Adopting Magistrate's Orders Awarding Attorneys' Fees.

## I.    BACKGROUND

## A. Procedural Background

Plaintiff Thomas Nestor, through counsel, initiated this case in February 2020 against Defendants VPC3 II, LLP and N.E. Apartments Associates, Inc., asserting a state law claim for unjust enrichment and constitutional claims for violation of due process under the Fifth and Fourteenth Amendments. Doc. 1. In an Amended Complaint filed September 14, 2020, Plaintiff added Sixth Judicial Circuit Judge Jack Day ("Judge Day") as a Defendant and sued Defendants VPC3 II, LLP and N.E. Apartment Associates, Inc., for unjust enrichment only. Doc. 12. On February 24, 2021, Defendants moved to dismiss Plaintiff's second Amended Complaint. Doc. 33. Prior to the Court ruling on Defendants' motion to dismiss, Plaintiff filed an amended unopposed motion for dismissal with prejudice of the claims against VPC3 II, LLP and N.E. Apartment Associates, Inc. Doc. 40. Pursuant to Plaintiff's amended motion, the Court dismissed Plaintiff's claims against VPC3 II, LLP and N.E. Apartment Associates, Inc., with prejudice. Doc. 41.

Thereafter, Defendants VPC3 II, LLP and N.E. Apartment Associates, Inc. moved for an order awarding attorney's fees and costs as prevailing parties, which Plaintiff opposed. Docs. 42, 43. On March 11, 2022, the magistrate judge entered an order granting Defendants' motion to the extent he determined Defendants were entitled to fees and costs. Doc. 58. Plaintiff did not file an objection or otherwise seek review of the magistrate judge's order by the undersigned.

The magistrate judge directed Defendants to file attorney time records and other documentation supporting their requested fee and cost amounts. Doc. 58 at 13.

Defendants filed a verified motion for fees and attached attorney time records in support. Doc. 59. Defendants sought $79,470.00 in fees. *Id.* at 7. On December 29, 2022, the magistrate judge entered an order awarding Defendants $58,083.75 in attorney's fees. Doc. 64. Rather than file an objection to the magistrate judge's order, Plaintiff filed a notice of appeal with the Eleventh Circuit (Doc. 65) before the order was rendered final by the district court.

Because the magistrate judge's order was not a final order, the appellate court lacked jurisdiction to consider it. Doc. 67. Accordingly, the appeal was dismissed for lack of jurisdiction. *Id.* at 6. After mandate issued, Plaintiff's counsel moved to withdraw (Doc. 70), and Defendants filed the instant motion seeking to have this Court adopt the magistrate judge's earlier order awarding them fees (Doc. 71). The Court directed Plaintiff to respond to Defendants' motion. Doc. 73. The magistrate judge denied counsel's motion to withdraw, without prejudice. Doc. 74.

Plaintiff filed an emergency motion requesting 45 days in which to obtain new counsel and/or legal assistance. Doc. 75. In support, Plaintiff argued his original counsel who filed this case died and counsel who took over deceased counsel's cases does not have the ability to properly represent Plaintiff. Because Plaintiff desires new counsel before proceeding with this case, he requested a stay of the case. The Court granted a stay until August 5, 2024. Doc. 78. Thereafter, Plaintiff's counsel was permitted to withdraw. Doc. 80.

On August 13, 2024, the Court lifted the stay and directed Plaintiff to either file a notice indicating that he is proceeding without counsel or have counsel file a notice

3

of appearance on his behalf. Doc. 81. Plaintiff was ordered to file a response to the Defendants' motion regarding fees and costs within 30 days. Plaintiff was advised that a failure to file a response would result in the motion being treated as unopposed. Doc. 81 at 2 (citing M.D. Fla. Local Rule 3.01(c)). On August 27, 2024, Plaintiff filed a notice indicating he is proceeding *pro se*. Doc. 82. On the same date, he filed a motion for an extension of time in which to file a response to Defendants' motion. Doc. 83. The Court granted Plaintiff's motion and Plaintiff was given until October 3, 2024, in which to file his response. Doc. 84. On September 30, 2024, Plaintiff filed an emergency motion seeking an extension of time due to Hurricane Helene. Doc. 85. The Court granted Plaintiff an extension until October 24, 2024, to file his response. Doc. 86. Plaintiff filed another emergency motion seeking an extension of time to file his response due to Hurricane Milton. Doc. 87. The Court again granted the requested extension and gave Plaintiff until December 9, 2024, in which to file his response. Plaintiff filed his response in opposition to Defendants' motion on December 9, 2024. Doc. 90.

### B. Factual Background

#### 1. *State Court Litigation*

Plaintiff entered negotiations in May 2012 with the managing partner of VPC3 II, LP, for the purchase of the landmark historic YMCA property located at 116 5th Street South, St. Peterburg, Florida. Doc. 12 at 3. Plaintiff alleges that a Letter of Intent to purchase the property was signed by the parties on June 12, 2012, and a Purchase Contract was signed October 2, 2012. *Id.* at 4. According to Plaintiff, the seller of the

4

property (VPC3 II) knew that Plaintiff did not have the financial means to purchase the building and that the intention was always to transfer the Purchase Contract to the new owner/purchaser (who was not yet determined) at the time of closing. *Id.* at 5. When VPC3 II attempted to terminate the Purchase Contract in March 2014, Plaintiff filed an action in state court requesting declaratory relief and seeking specific performance. *Id.* at 6. The state court case was assigned to Judge Day. *Id.* The case was thereafter settled pursuant to a Settlement Agreement entered by Plaintiff, VPC3 II, and N.E. Apartment Associates Inc. on June 26, 2014. *Id.* at 7.

The Settlement Agreement, ratified by the state court, stated:

> The Nestor Contract is reinstated. Nestor shall have until 5 p.m. EDT on July 15, 2014, to close on the purchase of the Subject Property by delivering the closing documents and funds to VPC pursuant to the terms of the Nestor Contract (the "Closing Deadline"). If for any reason Nestor fails to complete the closing of the purchase of the Subject Property, including delivery of all amounts due at closing in immediately available U.S. Funds, on or before 5:00 p.m. EDT on July 15, 2014, then all of Nestor's rights under the Nestor contract shall terminate and the Subject Property shall be sold pursuant to the Back-up Contract.

*Id.* at 7. Plaintiff alleges that the Title Agent failed to provide on the closing statement the correct amount due at closing.[1] *Id.* at 13. When the $72,000 shortfall was discovered, the seller requested Plaintiff provide a check for that amount, which Plaintiff's counsel did. *Id.* Plaintiff alleges that the seller refused to deliver the deed and instead obliged the requests of N.E. Apartments to terminate the Nestor Contract

---

[1] According to Defendants, the confusion related to the $72,000 payment was caused by Plaintiff and his attorney, not the title agent. Doc. 33 at 8.

because the funds were not delivered by the closing deadline. *Id.* VPC3 and N.E. Apartments filed emergency motions claiming Plaintiff breached the Settlement Agreement by failing to pay the correct amount to close and in assigning the Purchase Contract to an unrelated entity. *Id.* at 14, 16. A hearing was held before Judge Day on September 4, 2014, who granted the emergency motions. *Id.* at 14. According to Plaintiff, Judge Day did not permit Plaintiff to fully present his case at the hearing and refused to allow Plaintiff or other witnesses to testify on Plaintiff's behalf. *Id.* at 18.

Plaintiff's appeal of Judge Day's Order to the Second District Court of Appeal was denied. *Id.* at 14, 15. In a *per curiam* opinion, the Second DCA affirmed Judge Day's decision. Plaintiff moved for review by the Florida Supreme Court, which was denied in February 2016. A master dismissal order of the case was entered on March 8, 2017. While the case was on appeal, the property was sold to N.E. Apartments pursuant to the back-up contract. Doc. 12 at 14.

2. *Federal Court Litigation*

On February 3, 2020, Plaintiff sued Defendants VPC3 II, LLP and N.E. Apartments Associates, Inc., alleging constitutional violations and a state law unjust enrichment claim arising out of the state court ruling made by Judge Day on September 4, 2014, related to the Purchase Contract for the YMCA building in St. Petersburg, Florida. Doc. 1. On June 2, 2020, Plaintiff filed an amended complaint (Doc. 6), which added Judge Day as Defendant. The Court dismissed the Amended Complaint as a shotgun pleading (Doc. 11), and Plaintiff filed a second Amended Complaint on September 14, 2020. Doc. 12.

6

In Count I of the second Amended Complaint, Plaintiff sued Judge Day for violating Plaintiff's due process in failing to conduct an evidentiary hearing in the state court action. In Count II, Plaintiff sued Judge Day for constitutional violations in failing to conduct a fair and impartial hearing. In Count III, Plaintiff alleges a state law claim for unjust enrichment as to Defendants VPC3 II and N.E. Apartments. Count IV asserts a Fifth Amendment due process claim against Judge Day. In the final count (labeled Count VI), Plaintiff alleges he is a qualified person with a disability, and he sues Judge Day for violations of Title II of the Americans with Disabilities Act.

### C. Defendants' Motion for Fees and Plaintiff's Response

Shortly after the Court granted Plaintiff's motion to dismiss Defendants with prejudice, Defendants filed a Motion for Determination of Entitlement to Attorneys' Fees (Doc. 42) as the prevailing party. In support of their motion, Defendants attach the Settlement Agreement and Mutual Release ("the Settlement Agreement") entered by the parties in the state court litigation. Doc. 42-1. Defendants argue that the Settlement Agreement provides for the recovery of attorney's fees and costs in the event of a breach of the agreement. Because the core of Plaintiff's allegations in this action pertain to enforcing the Settlement Agreement, Defendants submit that, because they are the prevailing parties by virtue of Plaintiff's dismissal with prejudice, they are entitled to invoke the fee-shifting provision of the Settlement Agreement.

Through counsel, Plaintiff filed a response in opposition. Doc. 43. Plaintiff argues that counsel for Defendants advised that they intended to file a motion for sanctions unless Plaintiff agreed to drop them as parties. Thereafter, counsel dismissed

VPC3 II, LLP and N.E. Apartments Associates, Inc., as parties to this action in order to focus on the federal claims against Defendant Judge Day. Plaintiff submits the dismissal was done during the safe harbor period such that fees should not be assessed. Plaintiff further submits that the gravamen of his allegations are not the enforcement of the Settlement Agreement as Defendants argue, but instead are predicated on a claim for Defendants' unjust enrichment directly derived from Judge Day's constitutional violations. Plaintiff refutes that the instant action is a breach of contract claim, and thus he argues that Defendants cannot avail themselves of the fee-shifting provision of the Settlement Agreement.

On December 15, 2021, Magistrate Judge Wilson held a hearing on the Defendants' motion for entitlement of fees. Doc. 52, 55. Following the hearing, Judge Wilson entered an order giving Plaintiff until December 30, 2021, in which to submit evidence that defense counsel agreed not to file a motion for attorney's fees against Plaintiff if Plaintiff dismissed his claims against VPC3 II and N.E. Apartments. Doc. 53.

On December 30, 2021, Plaintiff's counsel (attorneys Ralph Strzalkowski and Amber Robinson) filed an Affidavit stating Plaintiff only agreed to the unopposed motion to dismiss the Defendants because he believed he would receive the incentive of Defendants not seeking attorney's fees against him. Doc. 54 ¶ 11. The Affidavit further states that Plaintiff's counsel believed they had a meeting of the minds with defense counsel regarding the unopposed motion for dismissal in exchange for not paying attorneys' fees and Plaintiff detrimentally relied on this understanding. *Id.* ¶ 13.

8

Counsel states that foregoing sanctions and attorneys' fees in the event of dropping a party is standard practice. *Id.* ¶ 3.

In response, Defendants submitted the affidavit of their counsel, Alice Huneycutt, who avers that no agreement to not seek fees was ever discussed. Doc. 57 To the contrary, counsel represents that Defendants sought attorney's fees, pursuant to the Settlement Agreement, in their motion to dismiss. *Id.* ¶ 6. Counsel further states that the request for attorney's fees under the Settlement Agreement was made a month earlier and was an independent claim separate from seeking Rule 11 sanctions. *Id.* ¶ 8. According to defense counsel, "[u]nequivocally, no agreement was ever made [by Defendants] to waive the claim for contractual attorneys' fees." *Id.* ¶ 18.

**D. Order Granting Entitlement to Fees**

On March 11, 2022, Magistrate Judge Wilson granted the Defendants' motion, finding Defendants—as prevailing parties—to be entitled to recover attorneys' fees from Plaintiff. Doc. 58. Plaintiff never filed an objection to the magistrate judge's order.

Under the Settlement Agreement's choice of law provision, Florida law governs any dispute related to the Settlement Agreement. Florida law provides that when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party. The Settlement Agreement states that in the event any party brings an action or suit for breach of any part of the Settlement Agreement, the prevailing party in the action shall be entitled to recover "all costs and expenses of suit, including actual attorneys' fees." Doc. 42-1 at 8. Magistrate Judge Wilson concluded that this lawsuit fell squarely

9

within the terms of the attorneys' fee provision, and thus found that Defendants were entitled to recover their fees and costs as the prevailing parties. In the absence of an agreement between the parties as to the amount of the fees and costs, Defendants were directed to file the following: attorney time records, justification for hourly rates, an itemized statement of costs, and, if they chose, an expert affidavit supporting the reasonableness of the requested sum. Doc. 58 at 13.

### E. Defendants' Supplemental Motion on Amount of Attorneys' Fees

On April 11, 2022, Defendants filed a Supplemental Motion on Amount of Fees and submitted attorney time records in support. Doc. 59. In the supplemental motion, Defendants seek $79,470 in attorneys' fees.[2] The requested fees are based on an hourly rate of $375 for the two partners,[3] Alice Huneyctt and John Muratides, who expended 130.8 hours and 42.20 hours, respectively. Associate Nicole Neugebauer worked 43.8 hours at $250.00 per hour, and paralegal Lynn Derenthal, worked 16.20 hours at a rate of $225.00 per hour.

### F. Plaintiff's Response

In response to Defendants' motion seeking $79,470 in attorneys' fees, Plaintiff submits the Declaration of attorney Kennan George Dandar. Doc. 62. Attorney Dandar opines that having four attorneys assigned to this case is unreasonable and that only one attorney is necessary. While he agrees that $350 to $375 is a reasonable

---

[2] Defendants are not seeking any costs. Doc. 59 at 1.
[3] According to the motion, the customary and standard hourly billing rate for partners Huneycutt and Muratides is $550.00 per hour, but each agreed to work on the case at a reduced rate of $375.00 per hour. Doc. 59 at 3.

hourly rate for attorney Huneycutt, he submits that 100.70 hours for a motion to dismiss is unreasonable; 60.50 hours to research and file a Rule 11 sanctions motion is outrageous; and 58.2 hours for a motion regarding entitlement to fees is unreasonable. He concludes that 10 to 16 hours at $350 to $375 is appropriate and reasonable for this case.

Defendants filed a reply (Doc. 63) noting that Plaintiff failed to file a written response to the Defendants' motion, instead only submitting a 2-page declaration of attorney Dandar which provides no legal justification for his opinion that fees for legal services on behalf of Defendants should be limited to 10 to 16 hours.

### G. Order Granting Defendants' Attorneys' Fees

On December 29, 2022, Magistrate Judge Wilson entered an Order granting Defendants' motion to the extent that the magistrate found that $58,083.75 in attorneys' fees was reasonable. Doc. 64. Because defense counsel's time records contained impermissible block billing, excessive hours spent on certain tasks, and combined tasks performed such that it is impossible for the Court to decipher what amount of time was put toward each task, the magistrate judge found an across-the-board reduction was warranted. Accordingly, the magistrate judge reduced the number of hours by 25%. Regarding the rates of pay, while the attorney rate was reasonable, Magistrate Judge Wilson concluded that paralegal Derenthal's time was more appropriately calculated based on a rate of $100 per hour. Plaintiff never filed an objection or otherwise sought review of the Magistrate Judge's Order by the district judge. Instead, Plaintiff sought a direct appeal to the Eleventh Circuit Court of

Appeals. Doc. 65. Because the appellate court lacked jurisdiction to hear appeals
directly from a magistrate judge's ruling that was not first appealed to the district court,
the Eleventh Circuit dismissed the appeal. Doc. 67.

### H.  Defendants' Motion for Order Adopting Magistrate Judge Orders

Following the Eleventh Circuit's remand due to lack of jurisdiction, Defendants
filed a motion requesting this Court adopt the Magistrate Judge's Orders. Doc. 71.
Defendants argue that Plaintiff never timely objected to the fee orders, and therefore,
Defendants urge this Court to adopt the orders or recommendations of the magistrate
judge because there is no showing of clear error on the face of the record.

## II.   LEGAL STANDARD

Under the Magistrates Act, a district court retains general supervisory power to
review any action taken by a federal magistrate. *See generally* 28 U.S.C. § 636. Federal
Magistrate Judges may be assigned to hear and determine non-dispositive pretrial
matters, subject to reconsideration by the district court if the order is determined to be
clearly erroneous or contrary to law. *Id.* § 636(b)(1)(A); Fed. R. Civ. P. 72(a). When a
district judge refers a dispositive motion to a magistrate judge, the "magistrate judge
must promptly conduct the required proceedings." Fed. R. Civ. P. 72(b)(1). The
magistrate must then enter a recommended disposition, including, if appropriate,
proposed findings of fact." *Id.* A party has 14 days after being served with the
recommended disposition in which to serve and file specific written objections to the
proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).When a party makes
a timely and specific objection to a Magistrate Judge's Report and Recommendation,

the district judge "shall make a de novo determination of those portions of the report
or specified proposed findings or recommendations to which objection is made." 28
U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512
(11th Cir. 1990). With regard to those portions of the Report and Recommendation
not objected to, the district judge applies a clearly erroneous standard of review. *See
Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district
judge may accept, reject, or modify in whole or in part, the Report and
Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may
also receive further evidence or recommit the matter to the Magistrate Judge with
further instructions. *Id.*

## III.   DISCUSSION

Rule 72 requires objections to a Magistrate Judge's Order be made within 14
days after being served with the recommended disposition. Fed. R. Civ. P. 72(b)(2).
Here, Magistrate Judge Wilson entered orders, in March 2022 and December 2022,
regarding Defendants' entitlement to fees and amount of fees, respectively. Docs. 58,
64. Not only did Plaintiff not file objections within 14 days of those orders, but Plaintiff
has not filed an objection to date.[4] The Committee Notes to Rule 72 reflect that
"[w]hen no timely objection is filed, the court need only satisfy itself that there is no
clear error on the face of the record in order to accept the recommendation." Fed. R.

---

[4] Even if the magistrate judge had issued a report and recommendation, instead of orders, on
the issues of entitlement and amount of fees, this Court's ruling would be the same. Plaintiff
had ample opportunity to file objections to the magistrate judge's rulings and failed to do so.

Civ. P. 72(b) advisory committee notes to 1983 Addition. (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974), *cert. denied*, 419 U.S. 879, quoted in House Report No. 94-1609, 94th Cong.2d Sess. (1976) at 3). Reviewing the magistrate judge's orders regarding the entitlement and amount of fees, the Court is satisfied there is no clear error.[5]

In the order finding that Defendants were entitled to attorneys' fees, the magistrate judge appropriately relied upon Florida law, under which it is well-settled that when a plaintiff voluntarily dismisses an action, the defendant is deemed to be the prevailing party. *See* Doc. 58 at 10 (citing *Thornber v. City of Fort Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990); *Landry v. Countrywide Home Loans, Inc.*, 731 So. 2d 137 (Fla. 1st DCA 1999); *Century Constr. Corp. v. Koss*, 559 So. 2d 611, 612 (Fla. 1st DCA 1990); *Stuart Plaza, LTD. v. Atlantic Coast Dev. Corp. of Martin Cty.*, 493 So. 2d 1136, 1137 (Fla. 4th DCA 1986); *Yampol v. Schindler Elevator Corp.*, 186 So. 3d 616, 617 (Fla. 3d DCA 2016)). Plaintiff voluntarily dismissed his action against Defendants, and thus, Defendants are prevailing parties.

Although Plaintiff in his response, again, claims that there was an agreement by defense counsel to not seek fees if the claims against Defendants were dropped, the record evidence does not support the existence of such an agreement. The affidavit of Plaintiff's counsel reflects that was counsel's expectation and/or understanding,[6] but

---

[5] Even under a *de novo* standard, the recommended dispositions are due to be adopted.
[6] Indeed, the magistrate judge found that it was merely Plaintiff's counsel's unilateral expectation that attorneys' fees would not be pursued. Doc. 58 at 12.

it does not demonstrate that any agreement actually existed. Doc. 54. To the contrary,
defense counsel unequivocally states in an affidavit that no such agreement existed.
Doc. 57. Thus, there was no clear error in the magistrate judge's conclusion that no
arrangement existed in which Defendants agreed to waive prevailing party fees to
which they were entitled under the Settlement Agreement.

Next, Plaintiff argues that the instant case is about preserving his constitutional
rights and is not a breach of contract action arising out of the Settlement Agreement.
Thus, he submits that the terms of the Agreement, *i.e.* the fee-shifting provision, would
not apply. The magistrate judge found that the federal litigation falls squarely within
the attorneys' fee provision of the Settlement Agreement. Doc. 58 at 9. That provision
states:

> In the event of the bringing of any action or suit by a Party
> hereto against any other Party hereto by reason of any
> breach of any of the covenants or agreement on the part of
> the other party in this Settlement Agreement, then in that
> event, the prevailing party in such action or dispute shall be
> entitled to have and recover of and from the other Party all
> costs and expenses of suit, including actual attorneys' fees.

Doc. 42-1 at 8. As noted by the magistrate judge, Plaintiff specifically alleged that
Defendants breached the Settlement Agreement. *See* Doc. 12 ¶¶ 83, 163. The premise
of the unjust enrichment claim against Defendants in this action was that Defendants
did not hold up their end of the bargain to sell Plaintiff the historic YMCA property.
There was no clear error in the magistrate judge's finding that this action fell within
the parameters of the Settlement Agreement and its fee-shifting provision.

Finally, in response to Defendants' motion, Plaintiff contends that the fees sought by Defendants are excessive.[7] Review of the Defendants' motion and the magistrate judge's ruling reflects that the federal lodestar approach in analyzing the fee request was appropriately applied. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party). Defendants supported their request with attorney time records. Doc. 59 at 11–24. The magistrate judge then took into consideration impermissible block billing, double entries, and excessive hours, by making an across-the-board reduction in hours. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) ("When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut."). Plaintiff fails to demonstrate there is clear error on the face of this record as it relates to the magistrate judge's rulings. Accordingly, it is

**ORDERED**:

1.    Defendants' VPC3 II, LLP and N.E. Apartments Associates, Inc.'s Motion for Entry of Order Adopting Magistrate Orders Awarding Attorneys' Fees (Doc. 71) is **GRANTED**.

---

[7] Plaintiff's arguments are not objections to the magistrate judge's findings or conclusions. Instead, he is arguing against the merits of Defendants' motion for fees, which he failed to do in the first instance. Instead, he only filed a 2-page cursory affidavit of attorney Ken Dandar, rather than filing a written response to Defendants' fee motion.

2.      The Clerk is directed to enter Judgment in favor of Defendants VPC3 II, LLP and N.E. Apartments Associates, Inc. and against Plaintiff, Thomas Nestor, in the amount of **$58,083.75**.

3.      The Clerk is further directed to close this case.

**DONE AND ORDERED** in Tampa, Florida on January 7, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Thomas Nestor, *pro se*
Counsel of Record