UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS NESTOR,

    Plaintiff,

v.

VPC3 II, LLP, N. E. APARTMENTS ASSOCIATES, INC. and JUDGE JACK DAY, in his official capacity,

    Defendants.

Case No. 8:20-cv-00265-CEH-TGW

**PLAINTIFF THOMAS J. NESTOR'S VERIFIED RULE 59 MOTION
TO ALTER OR AMEND ORDER AND JUDGMENT**

COMES NOW, Plaintiff, THOMAS J. NESTOR, and pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, respectfully moves this Court to alter or amend its January 7, 2025 Order and Judgment granting attorney fees to Defendants, and in support states as follows:

**INTRODUCTION**

1. On January 7, 2025, the Court entered an Order adopting the Magistrate Judge's ruling awarding $58,083.75 in attorney's fees to Defendants VPC3 II, LLP and N.E. Apartments Associates, Inc. (Doc. 92).

2. The Judgment (Doc. 93) was entered based on the erroneous conclusion that Defendants were the prevailing party, despite the fact that Plaintiff voluntarily dismissed them, and they did not prevail on any substantive legal or factual claims.

3. Plaintiff submits that the ruling contains clear errors of fact and law, requiring reconsideration under Rule 59(e).

## LEGAL STANDARD

4. A court may grant a motion under Rule 59(e) to:

a) Correct manifest errors of law or fact;

b) Consider newly discovered evidence;

c) Prevent manifest injustice (See Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)).

5. The court's ruling meets all three grounds warranting relief under Rule 59(e).

## ARGUMENT

**A. The Court's Finding That Defendants Were the "Prevailing Party" Was Erroneous**

6. Under Florida law, a party is _not_ the prevailing party simply because they were voluntarily dismissed from the case. (See Alhambra Homeowners Ass'n v. Asad, 943 So.2d 316, 318 (Fla. 4th DCA 2006)).

7. Here, Defendants were dismissed at Plaintiff's request, not as a result of any ruling in their favor.

8. The Court erred in finding that Defendants "prevailed" when they merely benefited from Plaintiff's strategic dismissal.

## B. Defendants' Agreement Not to Seek Fees Was Ignored

9. Plaintiff only agreed to voluntarily dismiss Defendants based on their verbal commitment <u>not</u> to pursue attorney's fees. This commitment from Defendants' lead counsel at that time (Alice R. Huneycutt) was negotiated, mutually agreed between Defendants' and Plaintiff and conveyed to Plaintiff via Plaintiff's lead attorney at that time (Amber C. Robinson) who has since passed away.

10. Plaintiff never would have agreed to voluntarily dismiss Defendants unless there was a benefit to Plaintiff.

11. Defendants reneged on this agreement, misleading both Plaintiff and the Court.

12. Under Rule 60(b)(3), attorney fee awards obtained through misrepresentation or misconduct are invalid.

## C. The Settlement Agreement Has No Legal Effect in Federal Court

13. Defendants improperly relied on a Florida State Court Settlement Agreement to justify their fee claim.

14. The Settlement Agreement explicitly limits jurisdiction to Florida State Courts and does not govern federal litigation. Per the Settlement Agreement, section <u>State Court Approval:</u> "The Parties shall request that the State Court enter an Order approving this Settlement Agreement and <u>retaining jurisdiction</u> to resolve <u>any disputes</u> which may arise between the Parties". **(See: Attached as Exhibit A).**

15. Using a state-court agreement to claim fees in federal court violates jurisdictional boundaries and is legally improper.

### D. <u>The Fee Award Constitutes a Manifest Injustice</u>

16. It is fundamentally unjust to force the victim of civil rights violations to pay the legal fees of those who benefitted from those violations.

17. Plaintiff is near destitute from the harms that occurred by the Defendants, while Defendants have profited from their unjust enrichment.

18. Rule 59(e) allows the Court to prevent manifest injustice by vacating the improper fee award.

### <u>CONCLUSION</u>

19. Plaintiff respectfully requests that the Court:

a) Vacate the Order and Judgment granting attorney's fees (Doc. 92 & Doc. 93);

b) Find that Defendants were <u>not</u> the prevailing party;

c) Declare that the Settlement Agreement has no impact on federal litigation;

d) Reconsider its findings to prevent manifest injustice.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant this Motion to Alter or Amend Judgment under Rule 59(e) and grant such further relief as the Court deems just and equitable.

### VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing Verified Rule 59 Motion to Alter or Amend Order and Judgment and that the facts stated in it are true and correct to the best of my knowledge and belief.

Dated: February 4, 2025

Respectfully submitted,

*/s/ Thomas J. Nestor*
THOMAS J. NESTOR
500 45th Avenue NE
St. Petersburg, Florida 33703
Email: PlaintiffThomasJN@gmail.vcom
Telephone: (727) 686-2163
*Plaintiff, pro se*

### CERTIFICATE OF SERVICE

I, Plaintiff, Thomas J. Nestor hereby certify that a true and correct copy of the foregoing was served to counsel of record for Defendants by Email or US Mail to the offices of Stearns Weaver Miller in Tampa and the Florida Attorney General's Office Civil Litigation - Tampa Bureau on this date of February 4, 2025.