UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS J. NESTOR,

    Plaintiff,

v.                                                      Case No: 8:20-cv-265-CEH-TGW

JACK DAY,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Plaintiff Thomas Nestor's Verified Rule 59 Motion to Alter or Amend Order and Judgment (Doc. 95), filed on February 4, 2025, and Verified Amended Motion to Alter or Amend Judgment Under Rule 59(e), filed March 21, 2025 (Doc. 103). In the motions, Plaintiff requests the Court alter or amend its January 7, 2025 Order (Doc. 92) and January 8, 2025 Judgment against Plaintiff (Doc. 93) awarding attorneys' fees to Defendants. Defendants filed responses in opposition. Docs. 96, 105. Plaintiff replied. Doc. 97. Also pending are Plaintiff's Motion for Stay of Judgment Pending Resolution of Rule 59 Motion (Doc. 100) and Amended Motion to Stay Judgment Pending Resolution to Rule 59(e) Motion, Appeal, and Parallel Court Proceedings (Doc. 104), which Defendants oppose (Doc. 102, 105). The Court, having considered the motions and being fully advised in the premises, will deny Plaintiff's motions.

I.  **BACKGROUND**

Plaintiff Thomas Nestor, through counsel, initiated this case in February 2020 against Defendants VPC3 II, LLP and N.E. Apartments Associates, Inc., asserting a state law claim for unjust enrichment and constitutional claims for violation of due process under the Fifth and Fourteenth Amendments.[1] Doc. 1. In an Amended Complaint filed September 14, 2020, Plaintiff added Sixth Judicial Circuit Judge Jack Day ("Judge Day") as a Defendant, dropped the federal claims against Defendants VPC3 II, LLP and N.E. Apartment Associates, Inc., and sued them for unjust enrichment only. Doc. 12. On February 24, 2021, Defendants moved to dismiss Plaintiff's second Amended Complaint. Doc. 33. Prior to the Court ruling on Defendants' motion to dismiss, Plaintiff filed an amended unopposed motion for dismissal with prejudice of the remaining unjust enrichment claim against VPC3 II, LLP and N.E. Apartment Associates, Inc. Doc. 40. Pursuant to Plaintiff's amended motion, the Court dismissed Plaintiff's claims against VPC3 II, LLP and N.E. Apartment Associates, Inc., with prejudice. Doc. 41.

After being dismissed with prejudice, Defendants VPC3 II, LLP and N.E. Apartment Associates, Inc. moved for an order awarding attorney's fees and costs as prevailing parties, which Plaintiff opposed. Docs. 42, 43. On March 11, 2022, the magistrate judge entered an order granting Defendants' motion to the extent he determined Defendants were prevailing parties and thus entitled to attorneys' fees and

---

[1] Plaintiff previously sued Defendants in state court, which resulted in a settlement agreement. *See* Docs. 32-1, 32-11, 42-1.

costs under the state court settlement agreement. Doc. 58. Plaintiff did not file an objection or otherwise seek review of the magistrate judge's order.

Thereafter, Defendants filed a motion and attorney time records in support of their request for fees in the amount of $79,470.00. On December 29, 2022, the magistrate judge entered an order awarding Defendants attorneys' fees in the reduced amount of $58,083.75. Doc. 64. Before the magistrate judge's order was rendered final by the district court, Plaintiff filed a premature notice of appeal to the Eleventh Circuit (Doc. 65), which was dismissed by the appellate court for lack of jurisdiction. Doc. 67.

Upon remand, Defendants filed a motion requesting this Court adopt the magistrate judge's earlier order awarding them fees (Doc. 71). The Court directed Plaintiff to file a response to the motion. Doc. 73. Plaintiff sought a stay of the case, which was granted. Docs. 75, 78. After the stay was lifted, the Court directed Plaintiff to file a response to Defendant's motion and to include all objections to the magistrate judge's orders. Doc. 81. Plaintiff's counsel sought to withdraw, which was granted (Doc. 80). Thereafter, proceeding *pro se*, Plaintiff requested and received multiple extensions of time to respond (Docs. 81, 84, 86, 89). Plaintiff ultimately filed his response in opposition to Defendants' motion on December 9, 2024. Doc. 90. On January 7, 2025, the Court granted Defendants' motion and adopted the Magistrate Judge's Orders awarding attorneys' fees to Defendants. Doc. 92. Pursuant to the Court's Order, Judgment was entered in Defendants' favor and against Plaintiff on January 8, 2025, in the amount of $58,083.75. Doc. 93.

Now before the Court are Plaintiff's motions under Rule 59 (Docs. 95, 103) seeking to amend or alter the Court's January 7, 2025 Order (Doc. 92) and the related January 8, 2025 Judgment (Doc. 93). Defendants oppose the Rule 59 motion arguing that Plaintiff has not cited any intervening change in law or discovery of new evidence to support the requested relief. Doc. 96. As for the amended motion, Defendants argue that it constitutes an unauthorized reply, which should be stricken. Alternatively, Defendants argue that the amended motion is due to be denied on the merits in that it continues to raise the same arguments previously rejected by the Court. Plaintiff seeks a stay of execution on the Judgment pending the Rule 59 motions and any appeal.

## II.   LEGAL STANDARD

A motion to alter or amend judgment under Rule 59 must be filed within 28 days of entry of the judgment. Fed. R. Civ. P. 59(e). Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *United States v. DeRochemont*, No. 8:10-cr-287-SCB-MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012) (citation omitted); *see also Ludwig v. Liberty Mutual Fire Insur. Co.*, 8:03-cv-2378-EAK-MAP, 2005 WL 1053691, *3 (M.D. Fla March 30, 2005) ("Reconsideration of a previous order is an extraordinary remedy.") As a result, "[a] Court will not alter a prior decision absent a showing of clear and obvious error where the 'interests of justice' demand correction." *Prudential Sec., Inc. v. Emerson,* 919 F. Supp. 415, 417 (M.D. Fla. 1996) (citing *American Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)).

"A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Florida Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (quoting *Cover v. Wal–Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)). Courts generally recognize three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Id.*

Additionally, a motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented prior to the entry of judgment. *See Arthur v. King*, 500 F.3d 1335, 1343-44 (11th Cir. 2007); *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992); *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd* 87 F.3d 1242 (11th Cir. 1996) ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time."). Whether to grant a motion for reconsideration is "committed to the sound discretion of the district judge." *O'Neal*, 958 F.2d at 1047.

### III. DISCUSSION

In his Rule 59 motion, Plaintiff requests this Court reconsider its order adopting the Magistrate Judge's ruling awarding $58,0873.75 in attorneys' fees to Defendants.

Doc. 95. Plaintiff argues that clear errors of law and fact require this Court to reconsider under Rule 59(e) its January 7, 2025 Order. In support, Plaintiff argues that the order and Judgment in Defendants' favor were based on the erroneous conclusion that Defendants were prevailing parties. *Id.* at 2. Because Plaintiff voluntarily dismissed Defendants, Plaintiff argues that Defendants cannot be deemed "prevailing parties." Plaintiff cites *Alhambra Homeowners Association, Inc. v. Asad*, 943 So. 2d 316 (Fla. 4th DCA 2006) for his argument, but that case stands for the "general rule that when a plaintiff voluntarily dismisses an action, the defendant is the 'prevailing party' within the meaning of statutory or contractual provisions awarding attorney's fees to the 'prevailing party' in litigation." *Id.* at 318. Here, the parties' settlement agreement contains a contractual fee-shifting provision for prevailing parties. This issue was fully addressed by the magistrate judge at a hearing and in his order. Thus, the law was not erroneously applied, and Plaintiff cites to no new or intervening law to support his argument.

As for Plaintiff's claim that factual errors were made, again the Plaintiff argues that there was an oral agreement that Defendants would not seek attorneys' fees if Plaintiff would dismiss his claims against Defendants. This factual dispute was also fully addressed by the magistrate judge. Counsel for Defendants produced an affidavit stating there was no such agreement. Doc. 57. While Plaintiff's counsel thought they had an understanding that no fees would be sought (Doc. 54), counsel did not come forward with any evidence to refute Defendants' position that no such agreement existed. After conducting a hearing on the matter, the magistrate judge concluded

there was no evidence to support the existence of an agreement. Doc. 58. This Court found no error in the magistrate judge's conclusions. Doc. 92.

Plaintiff additionally argues that the Settlement Agreement has no effect in federal court, but he cites no authority for this position. The magistrate judge previously found that the claim against Defendants raised by Plaintiff in the federal litigation fell within the parameters of the parties' settlement agreement and Plaintiff does not demonstrate to the contrary. Plaintiff's arguments that it would be manifestly unfair to require him to satisfy the fee award given his ADA status and civil rights claims similarly provide him no relief as his federal claims for alleged ADA and/or civil rights violations were directed against Judge Day and not these Defendants.

Plaintiff filed a reply to Defendants' response. Doc. 97. In general, replies are not permitted absent leave of court. *See* M.D. Fla. Local Rule 3.01(d). Although the reply is due to be stricken as unauthorized, the Court will allow it and has considered it.[2] *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys). Plaintiff's reply again argues that Defendants were not the prevailing parties, the Defendants purportedly reneged on their agreement not to seek fees, the

---

[2] Although the Court will permit Plaintiff's reply, Plaintiff is cautioned that *pro se* litigants are expected to comply with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Federal Rules of Evidence. Plaintiff may view the Local Rules for the Middle District of Florida on the Court's website at https://www.flmd.uscourts.gov/local-rules. Any further reply filed without leave of court will be stricken.

settlement agreement is not enforceable in federal court, and the fee award constitutes manifest injustice given Plaintiff's financial hardship. These arguments have previously been raised and rejected. Because Plaintiff fails to assert an intervening change in law, the availability of new evidence, or demonstrate the need to correct clear error or manifest injustice, his motion to alter or amend under Rule 59 is due to be denied.

In his Amended Motion to Alter or Amend Judgment under Rule 59(e) (Doc. 103), Plaintiff raises no new legal or factual argument to support his cause. As a preliminary matter, Defendants are correct that the "amended" motion is procedurally flawed as Plaintiff did not seek leave to file an amended motion and his amended motion appears to be another reply to Defendants' response. The procedural deficiencies alone warrant denial of the amended motion. But even if the Court were inclined to consider the merits, the amended motion is due to be denied.

Plaintiff again argues that the voluntary dismissal was negotiated and did not confer prevailing-party status. Based on the facts adduced at the hearing before the magistrate judge, the evidence does not support Plaintiff's version of the dismissal. Plaintiff takes the argument one step further to now contend that Defendants' promise not to seek fees was a key inducement in his agreement to dismiss the claims against Defendants in the first instance. He asserts his statement is unrebutted new evidence. He further claims that Defendants' retraction of their oral agreement constitutes fraud. Plaintiff's claim that Defendants orally agreed to not seek fees is not new evidence. This was the same argument advanced by Plaintiff and his counsel before the

magistrate judge who ultimately determined that the evidence did not support the existence of an agreement not to seek attorneys' fees.

Plaintiff argues that the prevailing party status must be determined under federal, not state, law in § 1988 claims. While 42 U.S.C. § 1988 allows the award of "a reasonable attorney's fee" to "the prevailing party" in various kinds of civil rights cases, this provision does not govern whether Defendants are the prevailing parties or may be awarded fees in this instance because Plaintiff's claims against Defendants were brought under state law. His federal civil rights and ADA claims were brought against Judge Day, not these Defendants. Thus, § 1988 has no import on the issues between Plaintiff and these Defendants.

Finally, Plaintiff argues that the fee award would result in financial ruin for Plaintiff and that the Court should amend its Judgment to prevent such injustice. First, Plaintiff already challenged the amount of attorney's fees as excessive. Second, the magistrate judge did reduce the amount from what was initially requested by Defendants. Finally, while the Court is not unsympathetic to Plaintiff's hardships, it cannot be ignored that Plaintiff sued Defendants first in state court, entered into a detailed settlement agreement related to the parties' disputes, and then came to federal court raising the same issues against these Defendants. Plaintiff has raised no legal or factual basis under Rule 59 to support altering or amending the Court's prior order or the Judgment entered against Plaintiff. Plaintiff's Rule 59 motions will be denied.

As for Plaintiff's motions to stay execution and enforcement of the Judgment (Docs. 100, 104), to the extent that the motions are based on the pending Rule 59 motions, the motions to stay are denied as moot.

Pursuant to Fed. R. Civ. P. 62(a), execution on a Judgment and proceedings to enforce it are automatically stayed for 30 days after its entry. That time has now passed. Rule 62(b) allows a Court to stay execution or proceedings to enforce the judgment upon payment of a bond or other security. Plaintiff has not provided a bond or other security. Rather, he requests a stay without the need for posting a bond due to his *pro se* status, indigency, disability, and irreparable hardship. He argues the Court should grant the motion because he is likely to succeed on the merits of any appellate challenge, asserting the same arguments that the Court has already rejected above and in previous orders. As Defendants' response points out, likelihood of success on the merits is not the test for whether a district court should waive a supersedeas bond. Rather, district courts look to the following factors when determining whether to waive the bond requirement:

> 1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment ..; (4) whether the [plaintiff's] ability to pay the judgment is so plain that the cost of a bond would be a waste of money ..; and (5) whether the [plaintiff] is in such a precarious financial situation that the requirement to post a bond would place other creditors of the [plaintiff] in an insecure position.

10

*United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1326 (M.D. Fla. 2011) (quoting *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988)). It is Plaintiff's burden to show that waiver of the appeal bond is warranted. *See Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) ("If a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure. It is not the burden of the judgment creditor to initiate contrary proof.").[3] Plaintiff has failed to show that the above factors support waiving the bond requirement. On the one hand, given Plaintiff's statements, it is not obvious that Plaintiff can easily satisfy the judgment such that a bond would be a waste of money. On the other hand, objectively, there is nothing in the record indicating that Plaintiff's financial condition is so impaired that he would have difficulty in securing a supersedeas bond in an amount sufficient to protect Defendants' rights as it relates to the Judgment they acquired. Accordingly, it is hereby

    **ORDERED**:

    1.    Plaintiff's Verified Rule 59 Motion to Alter or Amend Order and Judgment (Doc. 95) is **DENIED**.

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2. Plaintiff's Verified Amended Motion to Alter or Amend Judgment under Rule 59(e) (Doc. 103) is **DENIED**.

3. Plaintiff's Motion for Stay of Judgment Pending Resolution of Rule 59 Motion (Doc. 100) is **DENIED as moot**.

4. Plaintiff's Amended 62(b) Motion to Stay Judgment Pending Resolution to Rule 59(e) Motion, Appeal, and Parallel State Court Proceedings (Doc. 104) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on April 23, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Thomas Nestor, *pro se*