UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS J. NESTOR,
Plaintiff,

CIVIL ACTION NO. 8:20-cv-00265

vs.

VPC3 II, LLP,
a Florida Limited Liability
and N.E. APARTMENTS
ASSOCIATES, INC.,
a Florida Corporation,
JUDGE JACK DAY
In his official capacity for declaratory judgment only,
Defendants.

### PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS IN AID OF EXECUTION TO THOMAS J. NESTOR

COMES NOW, Plaintiff, THOMAS J. NESTOR, proceeding pro se, and pursuant to the Honorable Magistrate Judge Thomas G. Wilson's Order (Doc. 106) respectfully responds to this Honorable Court with responses and objections to Defendants' Request for Production of Documents in Aid of Execution. In support thereof, Plaintiff states as follows:

### INTRODUCTION

On February 10, 2025, Defendants served extensive, intrusive, and overly broad discovery requests seeking voluminous financial and personal records in an attempt to enforce a judgment that was subject to post-trial motions.

A copy of Defendants' Request for Production in Aid of Execution was attached in Plaintiff's motions before the court as following but not limited to (Doc. 98, Doc. 99, and Doc. 101).

Given the complexity of Defendants' requests that are objected to herein and the ongoing state litigation related to the parties of this case, Plaintiff respectfully responds to the Honorable Magistrates Judge Wilsons Order and Plaintiff is respectably reserves his rights to file for protection on all objected to requests for production from Defendants listed herein and/or any and all future discovery requests while there is pending motions or appeals before the federal and/or state courts related to litigation between Plaintiff and Defendant related to the Landmark St. Petersburg YMCA Building and/or the many harms and losses that occurred to Plaintiff from the Defendants at the scheduled and state court ordered Nestor Closing.

## **RESERVATION OF RIGHTS**

Plaintiff specifically reserves all rights to objections which may otherwise be available to it and further states that no response should be deemed as an admission of relevancy, materiality, or admissibility into evidence of any particular documents produced pursuant to the Response. Plaintiff further reserves the right to supplement, alter, or to make its responses more accurate if other information becomes available to them at a subsequent time.

## GENERAL OBJECTIONS

Plaintiff objects to responding to any Request for Production seeking information constituting confidential attorney-client communications. Plaintiff objects to responding to any Request for Production exceeding the scope and limits of discovery as set forth in Rule 26(b)(1) and Rule 34 of the Federal Rules of Civil Procedure. Plaintiff objects to any Requests for Production, including subparts, that exceed the number of requests permitted by F.R.C.P. or any Order entered in this litigation.

## RESPONSES AND OBJECTIONS TO DEFENDANTS REQUEST FOR PRODUCTION OF DOCUMENTS IN AID OF EXECUTION TO THOMAS J. NESTOR

## REQUESTED DOCUMENTS TO BE PRODUCED

1. Any and all documents and records of checking, savings, or any other type of account, foreign or domestic, maintained by you with any type of financial institution during the past four years, including but not limited to monthly account statements, canceled checks, and deposit slips.

**Response:** Plaintiff objects on the grounds that this Production Request for "Any and all documents…" is overly broad, unduly burdensome, ambiguous and vague. The requested 4-year scope of history is not reasonably calculated to lead to the discovery of admissible information and offers nothing in showing the current uncollectable financial position that the Plaintiff is in today. Any position that Plaintiff was in 1, 2, 3 or 4 years ago will not change Plaintiff's inability to pay the judgment today. Plaintiff has one account with a credit union and an available balance of less than $250 in checking and $1 in savings.

2. All documents that refer to, reflect, or relate to any transfers made to or from any financial account held for your benefit, by any third party, from January 1, 2021 to present.

**Response:** None exist.

3. Any and all signature cards that name you as an authorized signatory on any financial account, for any entity or other third party, from January 1, 2021 to present.

**Response:** None exist.

4. Any and all documents submitted to any bank, financial institution, or any other person or entity, by you, for any loan or advance, in any capacity (borrower, guarantor, or surety) anytime from January 1, 2021 to present.

**Response:** None exist.

5. Any and all documents concerning any interest in, or claimed title to, any certificates of deposit, letters of credit, bank deposits, or escrow funds owned or held by you anytime from January 1, 2021 to present.

**Response:** None exist or none are in my possession, custody or control.

6. Any and all documents related to any account into which any of your earnings or other income has been deposited from January 1, 2021 to present, whether you continued to have an interest in it or not.

**Response:** Plaintiff objects on the grounds that this Production Request for "Any and all documents…" is overly broad, unduly burdensome, ambiguous and vague. The requested 4-year scope of history is not reasonably calculated to lead to the discovery of admissible information and offers nothing in showing the current uncollectable financial position that the Plaintiff is in today. Any position that Plaintiff was in 1, 2, 3 or 4 years ago will not change Plaintiff's inability to pay the judgment today. Plaintiff has one account with a credit union and an available balance of less than $250 in checking and $1 in savings.

7. Any and all documents evidencing your having authority to access any safe-deposit box or other bank-secured area, anytime from January 1, 2021 to present.

**Response:** None exist.

8. Any and all documents evidencing any application signed by you or on behalf of you, to open a foreign or offshore financial account in the name of you or any other entity.

**Response:** None exist.

9. Any and all documents that refer to, reflect, or relate to any real property owned by you anytime from January 1, 2021 to present.

**Response:** Pursuant to Florida Statute 697.01 and Vendee of Record case law in Florida and other real estate law and laws of recession, reversion and/or reformation in Florida Plaintiff is and/or may be deemed the Mortgagee and Vendee of Record for the Landmark St. Petersburg YMCA Building and ownership of said historic real property that is being contested at this time in (2) pending lawsuits in state court.

Other than documents related to Plaintiff's purchase rights, vendee of record rights and/or mortgagee or ownership rights to the Landmark St. Petersburg YMCA Building, which are pending in state court, none exist.

Copies of the documents related to Plaintiff's Notice of Lis Pendens, Plaintiff's Purchase and Sale Agreement and the Settlement Agreement related to this historic property are already in possession of the Defendants and Plaintiff will also provide.

10. Any and all documents that refer to, reflect, or relate to encumbrances on any real property owned by you.

**Response:** Plaintiff filed a Notice of Lis Pendens on Landmark St. Pete YMCA Building. Other than documents related to Plaintiff's purchase rights, vendee of record rights and/or mortgagee or ownership rights to the Landmark St. Petersburg YMCA Building, which are pending in state court, none exist.

Copies of the documents related to Plaintiff's Notice of Lis Pendens, Plaintiff's Purchase and Sale Agreement and the Settlement Agreement related to this historic property are already in possession of the Defendants and Plaintiff will also provide.

11. Any and all documents evidencing ownership of real property in which you currently enjoy a direct or indirect beneficial interest.

**Response:** Other than documents related to Plaintiff's purchase rights, vendee of record rights and/or mortgagee or ownership rights to the Landmark St. Petersburg YMCA Building, which are pending in state court, none exist.

Copies of the documents related to Plaintiff's Notice of Lis Pendens, Plaintiff's Purchase and Sale Agreement and the Settlement Agreement related to this historic property are already in possession of the Defendants and Plaintiff will also provide.

12. Any and all deeds, closing statements, or other evidence of the sale or transfer of any real property in which you had a legal or equitable ownership interest, anytime from January 1, 2021 to present.

**Response:** Other than documents related to Plaintiff's purchase rights, vendee of record rights and/or mortgagee or ownership rights to the Landmark St. Petersburg YMCA Building, which are pending in state court, none exist.

Copies of the documents related to Plaintiff's Notice of Lis Pendens, Plaintiff's Purchase and Sale Agreement and the Settlement Agreement related to this historic property are already in possession of the Defendants and Plaintiff will also provide.

13. Any and all lease agreements for real property in which you are the lessor or lessee.

**Response:** None exist.

14. Any and all documents that evidence your name being on any real property tax records, as payor or trustee, anytime from January 1, 2021 to present.

Response: Other than Plaintiff being listed in public records on the Warranty Deed transfer of sale the Landmark St. Petersburg YMCA Building recorded on November, 12, 2014, and Plaintiff being listed as a owner/mortgage on the subject historic property published by the City of St. Petersburg for Notices of Codes Violations mailed to the Defendants and posted online, none exist.

Copies of this Warranty Deed and Notices for Codes Violations are already in possession of the Defendants and Plaintiff will also provide.

15. Any and all deeds that title any real property to you as trustee for any other person or entity.

**Response:** None exist.

16. Any and all deeds of trust or mortgages held by you anytime from January 1, 2021 to present.

**Response:** Other than Plaintiff being listed in public records on the Warranty Deed transfer of sale the Landmark St. Petersburg YMCA Building recorded on November, 12, 2014, and Plaintiff being listed as a owner/mortgage on the subject historic property published by the City of St. Petersburg for Notices of Codes

Violations mailed to the Defendants and posted online, none exist.

Copies of this Warranty Deed and Notices for Codes Violations are already in possession of the Defendants and Plaintiff will also provide.

17. Any and all documents that evidence, refer or relate to any time-share property that you enjoy the use of.

**Response:** None exist.

18. Any and all documents that evidence, refer or relate to appraisals or other forms of valuation for any property that you have an interest in or held any interest anytime from January 1, 2021 to present.

**Response:** None exist or none are in my possession, custody or control.

19. Any and all promissory notes or mortgages that you signed anytime from January 1, 2021 to present.

**Response:** None exist.

20. Copies of all deeds and mortgages to which you hold property as tenant by the entireties, tenant in common, or joint tenant anytime from January 1, 2021 to present.

**Response:** None exist.

21. Copies of all certificates of title or other evidence of ownership of any boat, watercraft, motorcycle, recreational vehicle, aircraft, agricultural equipment, or construction equipment owned by or in possession of you, whether owned by you, an entity that you are affiliated with, or held in trust by you, anytime from January 1, 2021 to present.

**Response:** None exist.

22. Any and all note receivables, pledges, or security interests in favor of you anytime from January 1, 2021 to present.

**Response:** None exist.

23. Copies of all homeowner's insurance policies and any other insurance policies or riders that have insured any property that you own or have the benefit of use of, from January 1, 2021 to present.

**Response:** None exist.

24. Any and all documents that evidence, refer or relate to household furnishings and fixtures that have been purchased by you from January 1, 2021 to present that had a purchase price of $1,000 or more.

**Response:** None exist.

25. Any and all documents that evidence, refer or relate to any animals, including any pets, in which you have any ownership interest anytime from January 1, 2021 to present. NONE

**Response:** None exist.

26. Any and all documents that evidence, refer or relate to any guns, jewelry, antiques, art, paintings, or other similar assets owned by you or in your possession from January 1, 2021 to present.

**Response:** None exist.

27. Any and all documents that evidence, refer or relate to any interest you may have in any patents, trademarks, copyrights, franchises, royalties of any kind, oil and gas rights, timber rights, or mineral rights anytime from January 1, 2021 to present.

**Response:** None exist.

28. Documents sufficient to identify the name and address of any person or entity that has employed you anytime from January 1, 2021 to present.

**Response:** None exist.

29. Any and all documents that evidence, refer or relate to any agreement relating to compensation between you and your employer.

**Response:** None exist.

30. All documents that identify any person or entity for whom you have acted as independent contractor within the past five years.

**Response:** None exist.

31. All documents referring in any way, directly or indirectly, to any and all businesses in which you are a stockholder, partner, officer, director, owner, or registered agent.

**Response:** None exist.

32. Any and all documents that evidence, refer or relate to your resignation, termination or cessation from your position as a stockholder, partner, officer, director, manager, member, owner, or registered agent of any business anytime from January 1, 2021 to present.

**Response:** None exist.

33. Any and all corporate charters, minutes of stockholders' meetings, resolutions, or recorded evidence of any kind relating to the affairs of any corporation owned by you or any subsidiary or other entity in which that corporation has held an ownership interest anytime from January 1, 2021 to present.

**Response:** None exist.

34. List of all customers or clients of any kind with which the corporation (or other business entity owned by you) does business or has done anytime from January 1, 2021 to present.

**Response:** None exist.

35. All local, state, and federal tax returns filed by you from January 1, 2021 to present, including all attachments, schedules, W-2's, K-l's, and 1099 and 1098 forms.

**Response:** None exist.

36. All documents referring or pertaining to any records of salaries, commissions, bonuses, income from employment, wages, pay stubs, dividends, royalties, allowances, expenses, or other sums of money paid to you from January 1, 2021 to present.

**Response:** None exist.

37. Any and all employment contracts that you had from January 1, 2021 to present.

**Response:** None exist.

38. Any and all documents and records of stocks, bonds, mutual funds, debentures, certificates of deposit, or other investment vehicle owned by or held for the benefit of you.

**Response:** None exist.

39. Any and all documents relating to any retirement accounts or annuities, whether individual or employer sponsored, owned by you or held for your benefit.

**Response:** None exist.

40. Any and all rent rolls for the properties in which you have had an ownership interest from January 1, 2021 to present.

**Response:** None exist.

41. Copies of all 1099-DIV or 1099-INT forms issued to you from January 1, 2021 to present.

**Response:** None exist.

42. Any and all documents referring to any stock options or profit sharing plans held by you or for your benefit.

**Response:** None exist.

43. Any and all documents that evidence a cash value in any life insurance policy and copies of all policies, whether term, whole life, or universal.

**Response:** None exist.

44. Any and all documents that evidence, refer or relate to any 401K Plan in which you have an ownership interest.

**Response:** None exist.

45. All documents evidencing any trust or amendments to trust in which you are a settlor, trustee, or beneficiary.

**Response:** None exist.

46. All documents evidencing any trust or amendments to trust that you have directly or indirectly contributed any assets to within the past 10 years.

**Response:** None exist.

47. Copies of all prenuptial and postnuptial agreements, to include the list of assets and liabilities to be held separately.

**Response:** None exist.

48. Copy of any wills, including all amendments, in which you are or were named as a beneficiary.

**Response:** To the best of my knowledge, none exist.

49. Copies of any and all monthly credit card statements, for all cards on which you are an authorized user, for the past two years.

**Response:** None in my possession, custody or control.

50. All documents referring to or reflecting the name and address of any storage facility or mini-warehouse to which you have access.

**Response:** None exist.

51. Copies of any and all financial statements that you have prepared for any lender or creditor from January 1, 2021 to present.

**Response:** None exist.

52.    Copies of any and all professional licenses held by you.

**Response:** None exist.

53.    Copies of IRA contracts for all IRAs that you currently have.

**Response:** None exist.

54.    All documents that relate to or reflect any person or entity that owes you money or any person or entity to whom you owe any money.

**Response:** Persons and Entities that owe Plaintiff money are as follows: VPC3, II LLP, N.E. Apartments Associates Inc. and their representative agents and/or owners Philip J. Powell, M. Corey Carver, Nicholas E. Ekonomou and/or other related entities and individuals to these Defendants and other Defendants listed in (2) pending state lawsuits seeking recovery of damages and historic real property that is also a subject to this federal complaint. Persons and Entities that Plaintiff owes money to the best of Plaintiff's knowledge, none exist.

Copies of the documents related to this Production Request for Persons and Entities that owe Plaintiff money in (2) pending state lawsuits seeking recovery of damages and historic real property that is also a subject to this federal complaint are already in possession of the Defendants and Plaintiff will also provide.

55.    All documents that relate to or reflect any money you have received from any person or entity.

**Response:** Plaintiff objects to this Production Request on the grounds that this is overly broad, unduly burdensome, ambiguous and vague. The unlimited time scope request lacks any limitation and seeks an unbounded history of financial activity. Such a request is not reasonably calculated to lead to the discovery of admissible information and offers nothing in showing the current uncollectable financial position that the Plaintiff is in today. Plaintiff's current inability to pay the judgment is not affected by any position he may have held 10, 20, 30, or 40 years ago.

Additionally, Plaintiff is without the funds to satisfy the judgment, which is why he is representing himself pro se and respectfully moved this Honorable Court for protection from post-judgment enforcement.

Plaintiff respectfully submits these written responses and objections to Defendants' Request for Production in Aid of Execution in compliance with the Court's Order (Doc. 106). Plaintiff has responded in good faith and in accordance with the Federal Rules of Civil Procedure and reserves all rights to seek protective relief in the future, including but not limited to relief under Rule 26(c), should Defendants' discovery demands continue to be burdensome, harassing, or otherwise improper.

Plaintiff further reserves all objections, privileges, and legal defenses applicable to these or any future discovery requests. Nothing contained herein shall be construed as a waiver of any rights or admissions as to relevance, materiality, or admissibility.

Respectfully submitted,

*/s/ Thomas J. Nestor*
Thomas J. Nestor
500 45th Avenue NE
St. Petersburg, FL 33703
Phone: (727) 686-2163
Email: PlaintiffThomasJN@gmail.com
Plaintiff, pro se

**CERTIFICATE OF SERVICE**

I hereby certify on April 23, 2025 that the foregoing was served on Defendants via the Courts E-portal, email or US Mail to the offices of Stearns Weaver Miller.