UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS J. NESTOR,

    Plaintiff,

v.                                                             Case No: 8:20-cv-265-CEH-TGW

VPC3 II, LLP; and N.E.
APARTMENTS ASSOCIATES, INC.,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff Thomas J. Nestor's Consolidated Rule 72(a) Objections to the Magistrate Judge's December 2, 2025 Endorsed Order, with Motion to Modify or Set Aside, Motion to Stay Enforcement Pending Review, and Motion for Clarification and Issuance of Written Order, filed on December 16, 2025. Doc. 133. In the filing, Plaintiff objects to the magistrate judge's paperless order granting Defendants' motion to compel, requests District Court review and clarification of the magistrate judge's order, and further requests a stay of the order pending review. Also before the Court is Plaintiff's Motion for Leave to File Renewed Motion for Stay Pending Appeal with Alternative Security under Fed. R. Civ. P. 62(b). Doc. 134. Defendants filed a consolidated response in opposition to both motions. Doc. 135. Plaintiff additionally seeks leave to file a reply to Defendants' response (Doc. 136). Because no further briefing is needed for the Court to rule on the Objections and Plaintiff's motions, the request to file a reply will be denied. Upon

review and careful consideration, the Court will overrule Plaintiff's Objections and affirm the Magistrate Judge's Order. The Court will grant, in part, Plaintiff's motion for clarification as set forth in this Order. The Court will deny Plaintiff's Motion to Stay Enforcement Pending Appeal with Alternative Security.

## DISCUSSION

The parties are aware of the procedural and factual history of this case which the Court has outlined multiple times in prior orders, *see* Docs. 92 at 2-7, 107 at 2-4, and thus the Court will not repeat the full background here. Relevant to the pending motions, the Court granted Defendants' motion for attorney's fees on January 7, 2025. Doc. 92. A Judgment awarding fees in the amount of $58,083.75 was entered in favor of Defendants and against Plaintiff on January 8, 2025. Doc. 93. Following denial of his post-judgment motions, Plaintiff appealed the Court's order and the Judgment on May 23, 2025. Doc. 109. Plaintiff did not post a bond or other security.

Since entry of the Judgment in January 2025, Plaintiff has sought to preclude or delay post-judgment collection efforts by Defendants. *See, e.g.,* Docs. 95, 98, 99, 100, 101, 103, 104, 108, 114, 118, 122, 123, 124. For their part, Defendants have sought to obtain information from Plaintiff through production of documents to aid in execution on the Judgment. Doc. 98-1. On June 4, 2025, Defendants moved to compel documents and Plaintiff's deposition. Doc. 111. A hearing on Defendants' Motion to Compel was held before Magistrate Judge Wilson on September 11, 2025. Doc. 125. Before issuing a ruling on Defendants' motion to compel, the magistrate judge directed the parties to submit additional briefing on the issue of whether the court has

2

jurisdiction to rule on Defendants' Motion to Compel considering the pending appeal filed by Plaintiff. Defendants submitted their supplemental memorandum on September 16, 2025, arguing that the court "unquestionably has jurisdiction to enforce its own Judgment despite a pending appeal by Nestor because Nestor has failed to post a supersedeas bond required for a stay pending appeal." Doc. 129 at 1-2. Plaintiff responded on October 6, 2025, arguing the Court has discretion to stay or defer enforcement of the Judgment during appeal and, at a minimum, discovery should be limited and any deposition have in place ADA-compliant protocols. Doc. 130.

On November 12, 2025, the appellate court dismissed Plaintiff's appeal for failure to prosecute.[1] Doc. 131. On December 2, 2025, Magistrate Judge Flynn entered a paperless order granting Defendant's Motion to Compel Production and Plaintiff's deposition and granting Plaintiff's Motion for Protective Order, in part, to the extent that real-time transcribing of Plaintiff's deposition must be provided as an ADA accommodation. Doc. 132. On December 16, 2025, Plaintiff filed his Objections (Doc. 133) to the magistrate judge's order, which are now before the Court. On December 19, 2025, Plaintiff filed a motion requesting leave to file a renewed motion to stay enforcement of the judgment due to his pending appeal and to post alternative security under Fed. R. Civ. P. 62(b). Doc. 134. The Court addresses Plaintiff's Objections and motion in turn below.

---

[1] On November 26, 2025, Plaintiff filed a motion to reinstate his appeal. *See* Doc. 21 in *Nestor v. Day, et al.*, Case No. 25-11763 (11th Cir.). On January 23, 2026, the Eleventh Circuit issued an order reinstating Nestor's appeal. *See* Doc. 137.

3

### A.   Objections to Magistrate Judge's Order (Doc. 133)

In Plaintiff's Consolidated Rule 72(a) Objections to the Magistrate Judge's December 2, 2025 Endorsed Order, Plaintiff objects to the order because it was a paperless order with no jurisdictional analysis or written findings. First, Plaintiff complains the order does not address the jurisdictional issue that was raised at the hearing on the motion to compel and which the parties briefed. Next, Plaintiff argues the lack of a written order precludes meaningful review and hinders his ability to comply. Finally, Plaintiff complains that the discovery permitted was overly broad and the real-time transcription order by the magistrate judge was necessary, but not enough to address concerns of scope, timing, and safety given his hearing impairment.

**1. Legal Standard**

A magistrate judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). The "clearly erroneous or contrary to law" standard is extremely deferential. *Sterling v. Doe*, 6:21-cv-723-PGB-EJK, 2022WL2112091, *2 (M.D. Fla. Feb. 2, 2022); *see also Jenkins v. Comm'r, Ala. Dep't of Corr.*, 963 F.3d 1248, 1264 (11th Cir. 2020) ("clear error…is a highly deferential standard of review") (quotations omitted). A finding is clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and

4

firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997).

### 2. Magistrate Judge's Ruling was Neither Clearly Erroneous nor Contrary to Law

Plaintiff's objections (Doc. 133) to the magistrate judge's order (Doc. 132) are due to be overruled.

i. *Jurisdictional Issue*

At the hearing before Magistrate Judge Wilson, the issue of the court's jurisdiction was raised considering the pending appeal. The parties thereafter briefed the issue. At the time the paperless order was entered by Magistrate Judge Flynn granting the motion to compel, Plaintiff's appeal had been dismissed. As such, there was no reason or need for the magistrate judge to address the issue of the court's jurisdiction considering the appeal because no appeal was pending. Accordingly, the magistrate judge clearly had jurisdiction to rule on the pending motion to compel and there was no error in the magistrate judge's order not addressing the issue of jurisdiction.

Even if Plaintiff's appeal had not been dismissed, the magistrate judge still had jurisdiction to enter an order on Defendants' motion to compel. The pendency of an appeal does not divest a trial court of jurisdiction to rule on post-judgment collection matters where a bond has not been posted or a stay of execution granted, as is the case here. "Without a stay, a judgment may be executed upon, even after an appeal is filed." *United States v. Peters*, 783 F.3d 1361, 1363 (11th Cir. 2015) (citing *Nat'l Serv. Indus., Inc.*

5

*v. Vafla Corp.*, 694 F.2d 246, 249–50 (11th Cir. 1982)). "Absent entry of a stay on appeal—which [appellant] failed to obtain here—the District Court retained jurisdiction to enforce its orders." *Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1201–02 (11th Cir. 2016) (citing *Maness v. Meyers*, 419 U.S. 449, 458–60 (1975)). The magistrate judge possessed jurisdiction to issue an order compelling discovery and deposition in aid of execution on the Judgment where Plaintiff did not obtain a stay of the Judgment by posting a bond or other security. No clear error existed in the magistrate judge's order granting the motion to compel; nor did clear error exist by the magistrate judge's decision to not specifically address jurisdiction.

    ii. *Order was an endorsed, paperless order*

Plaintiff next argues that the magistrate judge's lack of providing a written order constituted error because the scope of production was undefined and the Order failed to include compliance deadlines. Plaintiff also complains the lack of a written order precludes meaningful review. The Defendants' Motion to Compel sought an order compelling (1) documents responsive to three requests for production and (2) to take Plaintiff's deposition at a mutually agreeable date. Doc. 111 at 6. Plaintiff objected to the three requests, *see id.*, filed a response in opposition to the motion (Doc. 112), and filed a Motion for Protective Order raising proportionality, jurisdictional, and disability-related concerns (Doc. 122). In granting the motion to compel, the magistrate judge rejected Plaintiff's challenges to the temporal scope and relevancy of the requests. The magistrate judge granted, in part, Plaintiff's Motion for Protective

6

Order to the extent that real-time transcription would be required to be provided as an ADA accommodation.

Paperless orders are routinely used in this case and others. Plaintiff never previously had difficulty understanding a paperless order. There was no clear error nor was it contrary to law for the magistrate judge to rule on the discovery motions in a paperless order. To the extent clarification is needed as to when the documents must be produced or when Plaintiff's deposition be taken, the Court will provide deadlines in this Order.

    iii. *Scope of Discovery*

Plaintiff next contends that the discovery compelled is overly broad and disproportionate to the needs of the case. The court has broad discretion in deciding to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Federal Rule of Civil Procedure 69(a)(2) governs post-judgment discovery and provides that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person–including the judgment debtor–as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). The "scope of post-judgment discovery is broad, and courts allow a judgment creditor the freedom of inquiry to discover concealed assets of a judgment debtor." *In re Bavelis*, No. 17-cv-61269, 2020 WL 4003496, at *2 (S.D. Fla. July 15, 2020) (punctuation and citation omitted).

The discovery sought and ordered to be produced consists of three sets of documents:

> 1. Any and all documents and records of checking, savings, or any other type of account, foreign or domestic, maintained by you with any type of financial institution during the past four years, including but not limited to monthly account statements, canceled checks, and deposit slips.
> 49. Copies of any and all monthly credit card statements, for all cards on which you are an authorized user, for the past two years.
> 55. All documents [from January 1, 2021, through the present] that relate to or reflect any money you have received from any person or entity.

Plaintiff contends that the Order conflicts with a state-court order denying discovery into Plaintiff's private financial supporters. As Defendants' response points out, the documents requested related to money Plaintiff received from others is limited to money received from January 1, 2021, to the present, which is after the state court order and proceedings. Plaintiff complains that he has only nominal money, but then he seeks to preclude from disclosure money received from other sources. The magistrate judge's order permits relevant discovery within a reasonable temporal scope. Because the magistrate judge's order that compelled these documents and Plaintiff's deposition is neither clearly erroneous nor contrary to law, Plaintiff's objections are due to be overruled.

    iv. *ADA accommodation*

Lastly, Plaintiff argues granting real-time transcription is not enough protective relief. He requests the deposition be remote with real-time captioning, time limited, and confined to asset-identification topics. The Federal Rules of Civil Procedure and Local Rules of the Court already appropriately limit the time of a deposition.

Additionally, technologies like CART (Communication Access Realtime Translation) are an appropriate and acceptable accommodation for hearing-related disabilities, and Plaintiff does not demonstrate to the contrary. The Court fails to see how making a deposition remote would be more effective in this situation. The ADA accommodation ordered by the magistrate judge is not clearly erroneous or contrary to law. Plaintiff's objections on this issue are overruled.

> **B.     Plaintiff's Motion for Leave to File Renewed Motion for Stay Pending Appeal with Alternative Security under Fed. R. Civ. P. 62(b) (Doc. 134)**

Plaintiff renews his request to stay execution on collection of the judgment and requests he be permitted to post a $500 bond. *See* Docs. 134, 134-1. Rule 62 provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security[.]" *see* Fed. R. Civ. P. 62(b). The appellate rules also contemplate that a plaintiff may move to stay execution after an appeal has been filed. In relevant part, Appellate Rule 8 provides, "[a] party must ordinarily move first in the district court for . . . (A) a stay of the judgment or order of a district court pending appeal; (B) approval of a bond or other security provided to obtain a stay of judgment[.]" Fed. R. App. P. 8(a)(1)(A), (B). Defendants argue there is no appeal currently pending. However, the Eleventh Circuit recently reinstated Plaintiff's appeal. *See* Doc. 137. Notwithstanding, Plaintiff's proposed nominal security does not support issuing a stay of execution on the Judgment. The Judgment against Plaintiff is in the amount of $58,0873.75. Doc. 93. "[A] bond is the norm for obtaining a stay," and "[t]he purpose of a supersedeas bond is to preserve the status quo while protecting the

9

non-appealing party's rights pending appeal." *Balboa Capital Corp. v. Vital Pharmaceuticals, Inc.*, Case No.18-61125-CIV-Dimitrouleas/Hunt, 2022 WL 17477403, a *3 (S.D. Fla. Oct. 2022) (Hunt, J.) (citations omitted). A $500 bond does nothing to protect Defendants' rights in the $58,0873.75 Judgment in their favor.

This Court previously discussed the factors courts consider in determining whether a waiver of the bond requirement is warranted:

> 1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment ..; (4) whether the [plaintiff's] ability to pay the judgment is so plain that the cost of a bond would be a waste of money ..; and (5) whether the [plaintiff] is in such a precarious financial situation that the requirement to post a bond would place other creditors of the [plaintiff] in an insecure position.

*See* Doc. 107 at 10–11 (citing *United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1326 (M.D. Fla. 2011) (quoting *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988)). It is Plaintiff's burden to show that waiver of the appeal bond is warranted. *See Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). Plaintiff's proposed nominal $500 bond and renewed motion offers nothing new to change the Court's prior analysis and conclusion that a waiver of the bond requirement is not warranted, nor will permitting Plaintiff to post a nominal bond justify imposing a stay of execution pending the appeal. Plaintiff's request to file a renewed motion to stay and/or to stay collection proceedings by posting a nominal bond are denied.

Plaintiff alternatively requests a temporary stay on taking his deposition. He cites no authority to the Court for this request, and as stated above, the scope of post-judgment discovery is broad. Accordingly, Plaintiff's alternative request to stay his deposition, which was previously rejected by the magistrate judge, is also denied.

## CONCLUSION

As set forth above, Plaintiff's objections to the magistrate judge's order compelling discovery are overruled. Plaintiff shall produce to Defendants, within 30 days of the date of this order, full and complete responses to the three categories of documents requested by Defendants:

> 1. Any and all documents and records of checking, savings, or any other type of account, foreign or domestic, maintained by you with any type of financial institution during the past four years, including but not limited to monthly account statements, canceled checks, and deposit slips.
> 49. Copies of any and all monthly credit card statements, for all cards on which you are an authorized user, for the past two years.
> 55. All documents (from January 1, 2021, through the present) that relate to or reflect any money you have received from any person or entity.

Additionally, in the next 14 days, Plaintiff shall coordinate with Defendants to select a mutually agreeable date and time on which Plaintiff's deposition can be taken. The deposition shall take place within 60 days of the date of this Order and must provide real-time transcribing of the deposition, at Defendants' expense, as an ADA accommodation. It is hereby

**ORDERED**:

1. Plaintiff's Consolidated Rule 72(a) Objections (Doc. 133) to the Magistrate Judge's December 2, 2025 Endorsed Order are **OVERRULED**.

2. Plaintiff's Motion for Miscellaneous Relief (Doc. 133) for clarification of jurisdictional issues, scope of discovery, and parameters of his deposition is **GRANTED** to the extent explained in this Order. In all other respects, the motion is **DENIED**.

3. Plaintiff's Motion for Leave to File Renewed Motion for Stay Pending Appeal with Alternative Security under Fed. R. Civ. P. 62(b) (Doc. 134) is **DENIED**.

4. Plaintiff's Motion for Leave to File a Limited Reply (Doc. 136) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on January 26, 2026.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Thomas J. Nestor, pro se
Counsel of Record