**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THOMAS J. NESTOR,

Plaintiff,

v. Case No: 8:20-cv-265-CEH-TGW

VPC3 II, LLP and
N.E. Apartment
Associates, Inc.,

Defendants.
___________________________________/

**ORDER**

This matter comes before the Court on Plaintiff Thomas J. Nestor's Unopposed Time-Sensitive Motion to Determine and Approve Full Security under Rule 62(b), Authorize a Court-Approved Surety Bond or Court-Registry Deposit, and Temporarily Hold Post-Judgment Discovery in Abeyance (Doc.151), filed August 1, 2026. Defendants do not oppose the requested relief. Upon consideration, Plaintiff's motion will be granted.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 62(b) provides that a party may obtain a stay of a judgment by providing a bond or other security at any time after judgment is entered. Fed. R. Civ. P. 62(b). The burden of proof is on the party seeking the stay. *See Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th

Cir. 1979);[1] *Parekh v. CBS Corp.*, No. 6:18-cv-466-PGB-TBS, 2019 WL 2744552, at *3 (M.D. Fla. July 1, 2019). The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security. Fed. R. Civ. P. 62(b). Rule 67(a) further allows the party to deposit with the court all or part of the money or thing after notice to every other party and by leave of court. Fed. R. Civ. P. 67(a). "Absent entry of a stay, a district court retains jurisdiction to enforce its judgment . . . during the pendency of an appeal." *U.S. Commodity Futures Trading Comm'n v. Escobio*, 946 F.3d 1242, 1251 (11th Cir. 2020).

## DISCUSSION

On January 8, 2025, Judgment was entered against Plaintiff and in favor of Defendants in the amount of $58,083.75. Doc. 93. By the instant motion, Plaintiff seeks a stay of execution on the Judgment and a stay of post-judgment discovery while he pursues his appeal. His prior efforts to obtain a stay of discovery in aid of execution were unsuccessful as he failed to post adequate bond or security or to otherwise demonstrate that a waiver of an appeal bond was warranted. *See* Docs. 107, 138, 150. Facing an August 3, 2026 deadline for post-judgment discovery, Plaintiff now seeks to post full security by way of a surety bond or deposit into the Court's registry.

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

"The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove*, 600 F.2d at 1190–91. As the appellate court has explained:

> A supersedeas bond insures both parties against these respective risks. It permits a judgment debtor to "avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal" and "secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal."

*Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1141 (11th Cir. 2019). It is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money. *Poplar Grove*, 600 F.2d at 1191.

In *Poplar Grove*, the appellate court explained that although the present rule does not by its terms precisely define the amount and conditions of a supersedeas bond, it has been read consistently with the earlier rule, Civil Rule 73(d), which directed that the amount of the bond be computed by the district court to include the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond. *Id.* The appellate court further explained that "[i]f a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure," and noted that "[i]t is not the burden of the judgment creditor to initiate contrary proof." *Id.*

Here, Plaintiff requests an order from the Court (1) identifying the exact amount to be posted, (2) permitting him to satisfy the security requirement by either a surety bond or court-registry deposit, (3) allowing a short, fixed period to complete the full approved security, (4) holding the August 3rd post-judgment discovery deadline in abeyance while the Court considers the pending motion, and (5) staying execution on the judgment upon posting of Court-approved full security.

1. Amount of the Surety Bond or Court Registry Deposit

Plaintiff proposes posting full security in the amount of $64,228.59. Doc. 151 at 2. This amount was calculated by Defendants as representative of the principal amount of the Judgment plus accrued post-judgment interest, and one year of reasonably projected interest during the pendency of the appeal. *Id.* at 3; *see also* Doc. 151-2 at 5. The Court notes that "Judges in the Middle District . . . have exercised discretion to set the bond at 125 percent of the judgment to cover, among other items, the delay damages and post-judgment interest." *United States ex rel. Yates v. Pinellas Hematology & Oncology, P.A.*, No. 8:16-CV-799-WFJ-CPT, 2020 WL 674155, at *1 (M.D. Fla. Feb. 11, 2020) (citing cases). Other Florida District Courts have accepted as standard a supersedeas bond in the amount of 110% of the Judgment amount. *See Slip N' Slide Recs., Inc. v. TVT Recs., LLC*, No. 05-21113 CIV, 2007 WL 1098751, at *1 (S.D. Fla. Apr. 8, 2007); *see also* S.D. Fla. Local Rule 62.1 ("A supersedeas bond or other security staying execution of a money judgment shall be in the amount of 110% of the judgment, to provide security for interest, costs, and any award of damages for delay."). Given that the proposed amount of $64,228.59 is based on the actual amount

of the Judgment plus interest and is an amount to which both sides agree, the Court finds that the proposed security is adequate to protect Defendants' rights while Plaintiff pursues his appeal. *See Poplar Grove*, 600 F.2d at 1190–91.

2. Security Bond or Court Registry Deposit

Rule 62(b) contemplates that a party may obtain a stay of execution by providing a "bond or other security." Rule 67(a) provides that a party may deposit with the Court all or part of a money judgment. Thus, Plaintiff may provide security by way of a supersedeas bond posted by a surety or by depositing adequate funds into the Court's registry. Plaintiff has attached as an exhibit a copy of his communication with Colonial Bonds & Insurance regarding the supersedeas bond requirements. Doc. 151-3. Alternatively, as it pertains to third parties who will assist him with committing funds to be placed in the Court registry, he requests that these third parties' identities remain anonymous and their private information confidential. Defendants do not oppose the request.

3. Allowance of Time to Complete the Approved Security

According to the motion, Plaintiff indicates that the Colonial Surety Company estimates that the bond process can generally be completed in ten days. Doc. 151-4 at 1. Plaintiff's motion requests 14 days to complete the process. Defendants do not oppose this request. The Court will grant 14 days from the date of its Order for Plaintiff to complete and submit full approved security.

4. Holding the Discovery Deadline in Abeyance

Because his post-judgment discovery was due August 3, 2026, Plaintiff requests that deadline be stayed pending the Court's ruing on the instant motion and during the time permitted for posting of full security. Defendants do not oppose this request.

5. Stay Execution on Judgment

Plaintiff requests that upon posting of the full amount of security that the Court stay execution on the January 2025 judgment and any post-judgment discovery in aid of execution pending the outcome of his appeal and issuance of mandate by the appellate court. Defendants do not oppose this request. Rule 62 authorizes a stay of execution on discovery and the judgment.

Upon consideration, it is hereby

**ORDERED**:

1. Plaintiff's Time-Sensitive Motion to Determine and Approve Full Security Under Rule 62(b), Authorize a Court-Approved Surety Bond or Court-Registry Deposit, and Temporarily Hold Post-Judgment Discovery in Abeyance (Doc. 151) is **granted**.

2. Full security in the amount of **$64,228.59** ("the Court-approved amount") is sufficient to secure the January 8, 2025 judgment, accrued post-judgment interest, and reasonably projected interest.

3. Plaintiff may elect, in Plaintiff's discretion, to satisfy the full-security requirement through either: (a) a corporate surety bond in the Court-approved amount issued by Colonial Bonds & Insurance; or (b) a full deposit of the Court-approved amount into the Court Registry under Rule 67 and Local Rule 7.03, using the payment

method approved by the Clerk. Plaintiff need not elect the approved form of security until after entry of this Order and may use either approved option, provided the full security is timely completed. *See* paragraph (7) below.

4. The identities and private financial information of nonparty persons funding or collateralizing a corporate surety bond need not be publicly filed or disclosed to Defendants absent further order of the Court. If the Court requires disclosure, Plaintiff may seek authorization to submit the information under seal in accordance with the requirements of Middle District of Florida Local Rule 1.11, in camera, or pursuant to an appropriate protective order.

5. If Plaintiff elects a registry deposit, Plaintiff shall provide the Court and Clerk, through the procedure directed by the Court, information identifying the depositor or depositors, confirming ownership, and confirming that no dispute exists concerning entitlement. Before publicly filing identifying or private financial information, Plaintiff may seek appropriate protection under Local Rule 1.11. The Clerk shall place the funds in the Court Registry Investment System or another authorized interest-bearing account, subject to applicable fees, taxes, or charges.

6. The security is solely appellate security and does not constitute voluntary satisfaction, settlement, waiver, mootness, dismissal of the appeal, or an admission concerning the judgment.

7. Plaintiff shall complete and submit the full approved security within fourteen (14) days after entry of this Order. Until that deadline, the August 3, 2026

discovery-response deadline and Plaintiff's judgment-debtor deposition are **held in abeyance**.

8. Upon posting and Court approval of full security, execution, garnishment, post-judgment discovery, Plaintiff's deposition, and other enforcement activity are **stayed** pending issuance of the appellate mandate or further Court order.

9. If Plaintiff does not complete the full approved security by the deadline in paragraph 7, the temporary abeyance expires automatically and immediately, and Plaintiff shall serve the ordered discovery responses within seven days and be available to give his deposition within fourteen days, unless otherwise ordered. If Plaintiff fails to timely comply with the discovery and/or deposition deadlines, he will be subject to sanctions.

10. No registry funds or accrued registry interest may be released or disbursed except by further Court order. Any corporate surety bond and related collateral shall be governed by the written bond and collateral agreements and by further Court order to the extent applicable. If the appeal concludes earlier than projected, the judgment is reduced or reversed, or the security exceeds the amount ultimately required, the parties or any interested depositor may seek appropriate release, reduction, or return of excess security.

11. If the judgment is affirmed, reversed, vacated, or modified, the parties may move for appropriate enforcement, disbursement, release, reduction, or modification of the security.

12. The Court retains jurisdiction to enforce, modify, substitute, increase, reduce, or release the security.

**DONE AND ORDERED** in Tampa, Florida on August 4, 2026.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Thomas J. Nestor, *pro se*